Zenophon A. ABRAHAM, Plaintiff,

v.

FIELD ENTERPRISES and World Book-Childcraft International, Inc., Defendants.

No. 79 C 1145.

United States District Court, N. D. Illinois, E. D.

Dec. 11, 1980.

George Gessler, Chicago, Ill., for plaintiff.

Jeremy Sherman, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

*Motion For Partial Summary Judgment*

MAROVITZ, Senior District Judge.

Plaintiff Zenophan A. Abraham, a black male, brings this action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e–2000e–17 against his former employer defendant Field Enterprises (Field) and its successor corporation[1] defendant World Book-Childcraft International, Inc. (World Book), alleging in his amended complaint that Field discriminated against him on account of his race with respect to certain conditions of his employment, including his termination. Plaintiff seeks legal and equitable relief.

Pending before the Court is World Book's motion for partial summary judgment as to all of plaintiff's claims of racial discrimination except his claim concerning his termination. Fed.R.Civ.P. 56(b). Despite ample opportunity, plaintiff has not responded to World Book's motion.[2] Accordingly, the Court will rule on World Book's motion on the basis of the record as it now stands. Local General Rule 13(b). Because World Book's motion argues, *inter alia*, that his Court is without subject matter jurisdiction over those of plaintiff's claims that do not pertain to his termination, the Court construes World Book's motion in this respect to be a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Fed.R.Civ.P. 12(h)(3); *Solomon v. Solomon*, 516 F.2d 1018, 1027 (3d Cir. 1975). For the reasons stated below, the Court grants World Book's motion as so construed.

Plaintiff was hired by Field on March 16, 1971 and terminated on May 14, 1976 for allegedly making a disruptive and embarrassing remark. World Book's Memorandum in Support of Motion for Partial Summary Judgment at 1–2. On May 19, 1976 plaintiff alleges that he filed charges of racial discrimination simultaneously before the Illinois Fair Employment Commission (the "FEC") and the Equal Employment Opportunity Commission (the "EEOC"). Attached to plaintiff's EEOC complaint is a letter dated May 18, 1976 from plaintiff to an Assistant Vice-President of Field for employment relations seeking reconsideration of his termination. Pursuant to 42 U.S.C. § 2000e–5(d), the EEOC deferred its investigation of plaintiff's charges pending a determination by the FEC. On February 16, 1978, the FEC dismissed plaintiff's complaint finding after its investigation that plaintiff's charges of racial discrimination were not supported by substantial evidence. World Book's Exhibit E. Pursuant to section 4.5 of the FEC's Rules, plaintiff obtained reconsideration of the FEC's ruling. On June 14, 1978, the FEC issued an order affirming its initial decision. World Book's Exhibit F. Thereafter, the EEOC sent to plaintiff a notice of right to sue letter which stated that the EEOC, after reviewing the record compiled by the FEC, con-

---

1. When a business changes ownership, the successor employer will be liable for the discriminatory acts of the predecessor employer provided there is a certain continuity of the operation of the business. *Slack v. Havens*, 522 F.2d 1091, 1094–95 (9th Cir. 1975).

2. World Book's motion was filed on May 20, 1980.

curred with the finding of that agency.[3] World Book's Exhibit G. Plaintiff then timely commenced the instant action.

It is well-settled that the two jurisdictional prerequisites of a Title VII action are: (1) the filing of a timely charge of discrimination with the EEOC and (2) the timely institution of a civil suit after receipt from the EEOC of a notice of right to sue letter. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974). World Book's jurisdictional argument is premised upon the fact that while the charges filed by plaintiff with the EEOC and the FEC and the ensuing administrative investigations were based solely upon plaintiff's claim of discriminatory discharge, his amended complaint alleges that Field failed to promote plaintiff, to provide him with adequate training in preparation for a promotion, and to fairly evaluate his work and, in addition, sought to discredit him all on account of his race. Amended Complaint, ¶ 5. World Book argues that plaintiff's failure to include these claims in his EEOC complaint precludes this Court from exercising its jurisdiction over them. The Court finds World Book's argument to be well-taken.

Title VII's jurisdictional prerequisites reflect one of the statute's important objectives; *i. e.*, the resolution whenever possible of charges of discrimination by way of conciliation at the administrative level. *Id.* at 44, 94 S.Ct. at 1017. Hence, inherent in Title VII's jurisdictional prerequisites is that a claim made in a Title VII action must be reasonably related to the charges submitted to the EEOC. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 467 (5th Cir. 1970). The standard that has been developed to ascertain whether a Title VII claim is within the scope of the preceding EEOC charge is whether the former alleges discrimination "like or reasonably related to the allegations of ... [the applicable EEOC] charge and growing out of such allegations." *Jenkins v. Blue Cross Mutual*

*Hospital Insurance, Inc.*, 538 F.2d 164, 167 (7th Cir. 1976), *cert. denied*, 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598, *quoting, Danner v. Phillips Petroleum Co.*, 447 F.2d 159, 162 (5th Cir. 1971).

As stated, plaintiff's EEOC charge only complained of his termination. Specifically, plaintiff's EEOC charge states only that: "[t]he above employer [Field] has discriminated against me because of my race in terms of discharge on 5/14/76". The EEOC charge also refers to the attached letter of plaintiff seeking review of his termination. That three page letter only alleges discriminatory treatment of plaintiff by Field with respect to his termination. Further, as stated, the ensuing investigation conducted by the FEC and the EEOC only pertained to plaintiff's termination. There is nothing in the record to suggest that plaintiff at any time during the course of the administrative processing of his charge sought to initiate an inquiry into alleged discriminatory treatment of him by Field with respect to any other conditions of his employment therewith. In short, nothing in the administrative record offers even an inkling that plaintiff felt that Field had discriminated against him in any respect other than his termination.

Therefore, granting plaintiff's EEOC charge a most liberal reading, *Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.*, 538 F.2d at 167, the Court finds that there is an insufficient nexus between that charge and the additional claims raised herein to warrant an extension of this Court's jurisdiction to those claims. Certainly, a charge of discriminatory discharge does not of itself imply that discrimination occurred as to, for example, promotion consideration. Unlike the plaintiff in *Jenkins*, the plaintiff herein did not even assert in his EEOC complaint a broad allegation of discrimination with respect to the terms and conditions of his employment. *Id.* Moreover, the Court finds it significant that

---

**3.** The letter is dated September 8, 1978. However, the envelope in which the letter was sent indicates that it was not received by plaintiff until February 8, 1979.

the administrative investigation conducted herein did not touch upon plaintiff's additional claims. *Hubbard v. Rubbermaid, Inc.*, 436 F.Supp. 1184, 1190 (D.Md.1977). In *Hubbard* the court reasoned that because Title VII places an emphasis on resolving claims by way of conciliation, a court should not lightly disturb the administrative body's determination, as reflected in the scope of its investigation, as to what potential areas of discriminatory treatment are reasonably related to a claimant's particular charge. The Court concurs with that analysis. In this connection, the record indicates that the administrative investigation with respect to plaintiff's charge was reasonably thorough. World Book's Exhibit D.

Accordingly, all of plaintiff's claims except his claim of discriminatory discharge are dismissed for lack of subject matter jurisdiction. *See Plummer v. Chicago Journeyman Plumbers' Local Union No. 130*, 452 F.Supp. 1127, 1141 (N.D.Ill.1978). Hence, the claims found in subparagraph (b) through (e) of paragraph 5 of plaintiff's amended complaint are hereby dismissed. An appropriate order shall enter.