**John H. AUSTIN and Velma M. Austin, Plaintiffs,**

v.

**MERRILL LYNCH, PIERCE, FENNER & SMITH, INC., Kidder, Peabody & Company, Inc., and Ronald J. ("Bud") Abbott, Defendants.**

No. G83–8 Ca7.

United States District Court, W.D. Michigan, S.D.

Sept. 13, 1983.

Ronald R. Pentecost, Fraser, Trebilcock, Davis & Foster, Lansing, Mich., for plaintiffs.

J.A. Cragwall, Jr., Warner, Norcross & Judd, Grand Rapids, Mich., for Kidder, Peabody and Abbott.

Jack J. Mazzara, Butzel, Keidan, Simon, Myers & Graham, Detroit, Mich., for Merrill Lynch.

OPINION

BENJAMIN F. GIBSON, District Judge.

This action arises out of the relationship between the plaintiffs and the defendants during which defendant Abbott, an agent of first Merrill Lynch and then Kidder Peabody, allegedly committed numerous violations of federal and state securities laws to the detriment of the plaintiffs. Basically, as alleged in paragraph 5 of the complaint: "During a period beginning in January of 1981 and continuing through October of 1982, the defendants, directly and indirectly, by making materially false and/or misleading statements to the Austins upon which they relied, first induced the Austins to sell all of their blue chip stock portfolio, then to purchase a more "suitable" option trading stock portfolio and thereafter to engage in a program of trading in stock options, and by omitting material facts required to be stated in order not to mislead the Austins which resulted in their losses." As a result of these alleged violations, the plaintiffs claim they suffered losses in excess of $100,000.00. The plaintiffs therefore filed a twelve-count complaint seeking relief under federal and state securities laws, several common-law theories, and § 901(a) of the Organized Crime Control Act of 1970, 18 U.S.C. § 1964(c), otherwise known as the Racketeer Influenced and Corrupt Organizations Act, or RICO. Now before the Court are defendants' motions to dismiss Count II, the civil RICO claim.[1]

The Court's inquiry at this state of the proceedings, before the reception of any evidence by affidavit or admission, is merely whether the complaint sets forth allegations sufficient to make out the elements of a right to relief. In making this determination, the allegations in the complaint are to be taken at face value. *California Motor Trans. Co. v. Trucking Unlimited*, 404 U.S. 508, 515, 92 S.Ct. 609, 614, 30 L.Ed.2d 642 (1972). The allegations should also be construed favorably to the pleader. *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). As the Sixth Circuit has stated, "[w]ell pleaded facts are taken as true, and the complaint is construed liberally in favor of the party opposing the motion." *Davis H. Elliot Co. v. Caribbean Utilities Co.*, 513 F.2d 1176, 1182 (6th Cir.1975). Ultimately, the complaint will be dismissed only if it "appears beyond doubt that the plaintiff can prove no set of facts which would entitle [it] to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957).

The defendants raise three arguments in support of their motions: That a civil RICO claim must allege a tie to "organized crime," that the injury complained of must be a "racketeering" injury, and that the plaintiff has failed to allege the existence of an enterprise. The Court shall discuss these arguments in reverse order.

■ The civil RICO claim is brought pursuant to 18 U.S.C. §§ 1962(c), 1964(c), which state:

§ 1962(c) It shall be unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt.

§ 1964(c) Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and

1. These motions had been scheduled for hearing on September 28, 1983. In light of the extensive briefing of this issue, the Court believes that a hearing on the matter is unnecessary and that the issue can be decided on the briefs. W.D.Mich.R. 29(b). The September 28 hearing is therefore cancelled.

Merrill Lynch has entitled its motion a motion for partial summary judgment. A reading of the motion shows that it is in fact a motion to dismiss Count II pursuant to Rule 12(b)(6), as it alleges that the plaintiffs have failed to state a claim upon which relief can be granted. The Court shall therefore treat it as a motion to dismiss.

the cost of the suit, including a reasonable attorney's fee.

Under RICO, an enterprise is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). In the instant case, the plaintiffs allege that the three defendants—Merrill Lynch, Kidder Peabody, and Abbott—formed the enterprise when they associated in order to offer and sell securities to the plaintiffs. Under the standards discussed above, the Court cannot state that the plaintiffs can prove no set of facts which would entitle them to relief on this theory.[2] The motion to dismiss cannot be granted on this ground.

■ The next argument in support of dismissal is that there is no allegation of a "racketeering injury," i.e., an injury arising not out of the commission of the predicate offenses, but out of the violation of § 1962 itself. *See Barker v. Underwriters at Lloyd's, London,* 564 F.Supp. 352 (E.D.Mich. 1983). Assuming that this *is* an element of a Civil RICO claim, see *Schacht v. Brown,* 711 F.2d 1343 (7th Cir.1983), this argument also must fail.

Among the predicate offenses alleged by the plaintiffs are violations of the federal wire and mail fraud statutes, 18 U.S.C. §§ 1341, 1343. The elements of these criminal offenses are few—merely the presence of a scheme or artifice to defraud and the use of the mails or wire communication for the purpose of executing the scheme or artifice. Under these statutes there is no requirement of allegations of a misrepresentation, reliance, or injury.[3] As part of the RICO claim, the plaintiffs allege that there were misrepresentations made, upon which they relied to their detriment, as a part of the racketeering activity. Insofar as these allegations raise matters not contained in criminal mail and wire fraud charges, they allege injury arising out of the pattern of racketeering activity and not the commission of the predicate offenses. *See* note, *Civil RICO: The Temptation and Impropriety of Judicial Restrictions,* 95 Harv.L.Rev. 1101, 1105 (1982). These allegations are therefore sufficient to withstand a motion to dismiss.

■ Finally, the defendants argue that an allegation of ties to "organized crime" is an essential element of a civil RICO claim. In deciding whether such an allegation is necessary, the Court first looks for guidance to *United States v. Turkette,* 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981), and *USACO Coal Co. v. Carbomin Energy, Inc.,* 689 F.2d 94 (6th Cir.1982).

In the former, the Court, after reviewing the relevant legislative history, made a determination that the term "enterprise," as defined in RICO, referred to both legitimate and illegitimate enterprises. In rejecting the arguments in favor of a narrow construction of the term the Court stated: "In view of the purposes and goals of the Act, as well as the language of the statute, we are unpersuaded that Congress nevertheless confined the reach of the law to only narrow aspects of organized crime and, in particular, under RICO, *only* the infiltration of legitimate business." 452 U.S. at 590, 101 S.Ct. at 2532 (emphasis in original). The Court therefore chose the broad construction of the term.

In *USACO,* the Sixth Circuit dealt with a civil RICO case in which there apparently were no allegations of ties to organized crime—although the issue does not appear to have been raised. However, in answering the question of whether the civil RICO

---

2. The defendants appear to argue that the plaintiffs do not allege an enterprise separate from the pattern of racketeering activity. This argument is plainly without merit. The Complaint alleges that the defendants associated in order to carry out a scheme. The association is the alleged enterprise and the carrying out of the scheme is the alleged pattern of racketeering activity.

3. In fact, the Sixth Circuit has held that there is no private right of action under the mail fraud, and presumably for the same reasons the wire fraud, statute. *Ryan v. Ohio Edison Co.,* 611 F.2d 1170, 1177–79 (6th Cir.1979).

defendant must have been convicted of a criminal RICO charge before the civil action may be brought, the Court made the following statement:

Section 1964(c) states that an action for damages may be maintained by any person injured in his business or property by reason of a violation of § 1962. *Bennett v. Berg,* 685 F.2d 1053 (8th Cir.1982). Section 1962 merely describes acts that are "unlawful" under RICO. Section 1963 provides that violations of § 1962 are criminal, just as § 1964(c) provides that violations of § 1962 create a private right of action for damages. If Congress had intended to limit liability under § 1964(c) only to those convicted of or charged with RICO crimes, it would have done so within § 1964(c) by referring to § 1963 or by otherwise specifically indicating that conviction under § 1963 is a basis for civil damages. By referring in § 1964(c) only to the unlawful acts of § 1962, Congress has created a civil remedy that is independent of criminal proceedings under § 1963. We believe this literal reading of RICO is consistent with the approach of *United States v. Turkette,* 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981), and the Supreme Court's recognition in that case that Congress intended that RICO be liberally construed to effectuate its remedial purposes.

689 F.2d at 95 n. 1. The Sixth Circuit, therefore, also recognizes the propriety of a liberal construction of the civil RICO provisions.

Although the Sixth Circuit has not had occasion to address the question of whether an allegation of ties to organized crime is a necessary element of a civil RICO claim, two circuits have. In *Schacht, supra,* and *Bennett v. Berg,* 685 F.2d 1053 (8th Cir. 1982) *cited in USACO,* 659 F.2d at 95 n. 1, the Seventh and Eighth Circuits have held that such allegations are not required. This Court is persuaded by the reasoning in those cases.

In § 1962(c), Congress proscribed certain conduct by "*any* person employed by or

associated with *any* enterprise...." (emphasis added). In light of this broad language, and the Supreme Court's and Sixth Circuit's expressions of the policy considerations favoring a liberal construction of the Act, this Court need not go beyond the plain language of the Act. *But cf. Adair v. Hunt Intern. Resources Corp.,* 526 F.Supp. 736 (N.D.Ill.1981) (effectively overruled by *Schacht,* however). If the Act is to be limited so as to only pertain to only "organized crime," such limitation should be effected by Congress and not by the Courts.

For the above reasons, the motions to dismiss Count II are denied.