**Katherine RIZZO, Plaintiff,**

v.

**WGN CONTINENTAL BROADCASTING COMPANY, Defendant.**

**No. 84 C 4458.**

United States District Court,
N.D. Illinois, E.D.

Jan. 11, 1985.

Sheila M. Murphy, Chicago, Ill., for plaintiff.

Richard L. Marcus, William J. Campbell, Jr., Steven L. Loren, Chicago, Ill., for defendant.

## MEMORANDUM OPINION
## AND ORDER

NORDBERG, District Judge.

This matter comes before the Court on the defendant, WGN Continental Broadcasting Company's ("WGN") motion to dismiss plaintiff's Amended Complaint. The plaintiff, Katherine Rizzo, originally filed a four count complaint against WGN which was dismissed. Plaintiff was granted leave to file an Amended Complaint consisting of two counts. (See minute order of October 25, 1984). Count I alleges age discrimination and Count II alleges sex discrimination. Defendant's motion to dis-

miss Rizzo's sex discrimination claim, renewed as to the Amended Complaint, is hereby granted in accordance with the following order.

### Rizzo's E.E.O.C. Complaint

Plaintiff Katherine Rizzo is a former employee of WGN. She began working for WGN in 1950 and was employed there until February 25, 1983. Rizzo claims that she was forced to stop working for WGN as a result of WGN's "Early Retirement Program" (Program). It is Rizzo's position that WGN's Program discriminated against her on the basis of her age. On April 27, 1983, Rizzo filed a charge of age discrimination with the E.E.O.C. Rizzo's E.E.O.C. charge indicated that February 25, 1983 was the most recent date that age discrimination took place. Subsequently, on October 11, 1983, Rizzo amended her E.E.O.C. charge to include an allegation that WGN discriminated against her on the basis of her sex. The E.E.O.C. investigated both of Rizzo's claims and, finding no reasonable cause to believe Rizzo's charge to be true, issued her a "right to sue" notice.

After receiving her right to sue notice, Rizzo filed a four-count complaint in federal district court, subsequently amended to a two-count complaint. In addition to her age discrimination claim, Count II of Rizzo's Amended Complaint alleged that WGN discriminated against her on the basis of her sex, causing her to suffer severe emotional distress.

WGN has moved to dismiss Count II of Rizzo's Amended Complaint. WGN contends that Rizzo is barred from raising her Title VII sex discrimination claim because she did not file a timely E.E.O.C. charge. Under 42 U.S.C. § 2000e–5(e), a plaintiff must file a charge with the E.E.O.C. within 180 days of the last act of discrimination. WGN contends that since February 25, 1983 was the date on which the last discriminatory act took place, and since Rizzo amended her E.E.O.C. charge on October 11, 1983, Rizzo failed to file her sex discrimination charge within 180 days. As a result, WGN argues that Rizzo's sex discrimination claim is barred.

Rizzo, on the other hand, claims that her failure to include a sex discrimination in her original April 27 E.E.O.C. charge is the result of a mere technical mistake. Rizzo contends that she simply failed to "check the appropriate box." Consequently, Rizzo asserts that her sex discrimination claim should be allowed to stand.

### The Motion to Dismiss

In considering WGN's motion to dismiss, the court's inquiry is whether Rizzo's complaint sets forth allegations sufficient to make out the elements of a right to relief. *Austin v. Merrill Lynch, Pierce, Fenner & Smith*, 570 F.Supp. 667, 668 (W.D.Mich. 1983). The Court must accept as true all material facts well-pleaded in the complaint, and must make all reasonable inferences in the light most favorable to the plaintiff. *Schnell v. City of Chicago*, 407 F.2d 1084, 1086 (7th Cir.1969). Because the Court finds that Rizzo's claim is barred by Title VII's limitation period, dismissal of her sex discrimination claim is proper.

### The Procedural Prerequisites to Filing a Title VII claim in Federal Court

A plaintiff who wishes to file a Title VII claim in federal court must first comply with the procedural scheme set forth in the statute. Federal courts have jurisdiction over Title VII claims only if a timely charge is first filed with the E.E. O.C. *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 94 S.Ct. 1011, 39 L.Ed.2d 147 (1974); *McDonnell Douglas Corporation v. Green*, 411 U.S. 792, 798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973). Section 2000e–5(e) provides: "A charge under this section shall be filed within 180 days after the alleged unlawful employment practice occurred...." Thus, the express wording of the statute dictates that a plaintiff is required, prior to instituting suit in federal court, to file a change with the E.E.O.C. within 180 days after the act of discrimination took place.

In addition, however, the E.E.O.C. regulations provide that a plaintiff's E.E.O.C. charge may be amended to include additional allegations after the running of the 180 day limitation period. 29 C.F.R. § 1601.12(b) states:

A charge may be amended to cure technical defects or omissions, including failure to verify the charge, or to clarify and amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices *related to or growing out of the subject matter of the original charge* will relate back to the date the charge was first received. A charge that has been so amended shall not be required to be redeferred. (emphasis supplied).

29 C.F.R. § 1601.12(b) (1984).

Thus, Rizzo's October 11, 1983 amendment will be judged against the wording of the regulation above and the federal courts' interpretation and application of that regulation.

Federal courts interpreting 29 C.F.R. § 1601.12(b) acknowledge that E.E.O.C. charges are generally filed by ordinary people who lack legal training. These courts have often held that because E.E.O.C. charges are in laymen's language, they are to be given liberal construction. *Jenkins v. Blue Cross Mutual Hospital Insurance, Inc.*, 538 F.2d 164, 167 (7th Cir.1976); *Abraham v. Field Enterprises*, 511 F.Supp. 91, 93 (N.D.Ill.1980). These courts reason that a layman should not be precluded from having his or her day in court simply because he or she is unable to specifically articulate the type of discrimination he has suffered. *Jenkins*, 538 F.2d 164, 167, 168 (7th Cir.1976); *Willis v. Chicago Extruded Metals Co.*, 375 F.Supp. 362, 365 (N.D.Ill.1974). The Seventh Circuit, following the Fifth Circuit's lead, has enunciated the standard which this Court is to apply in determining whether an untimely amendment of an E.E.O.C. complaint may relate back:

The correct rule to follow in construing E.E.O.C. charges for purposes of delineating the proper scope of a subsequent judicial inquiry is that "the complaint in the civil action ... may properly encompass any ... discrimination like or reasonably related to the allegations of the charge and growing out of such allegations."

*Jenkins*, 538 F.2d at 167, citing *Danner v. Phillips Petroleum Company*, 447 F.2d 159, 162 (5th Cir.1971). Thus, Rizzo's October 11, 1983 amendment can relate back to her initial April 27, 1983 charge only if her sex discrimination charge "is like or reasonably related" to the allegations contained in her initial April 27, 1983 charge.

Rizzo's April 27 E.E.O.C. charge contains facts and allegations describing how she was discriminated against on the basis of her age. For example, paragraph III of Rizzo's charge states: "I believe that I have been discriminated against because of my age 59...." In the paragraphs following, Rizzo alleges that she was forced to partake in WGN's "mandatory" retirement program and that she was subsequently replaced by a younger employee who was in his "early 30's". In her complaint, Rizzo refers to a "younger employee," the "early retirement" program and how each individual involved was younger than she. Rizzo underscores and sums up the basis of her claim in paragraph IV:

I believe that the above named Respondent, (WGN), is discriminating against employees, 55 and older, as a class by forcing early retirement upon them, and if it is not accepted they are demoted and harassed.

However, while Rizzo has alleged facts sufficient to state a cause of action in age discrimination, nowhere in her April 27 charge is there any reference to facts indicating that WGN sexually discriminated against her. Indeed, *every* paragraph of Rizzo's April 17 charge contains allegations directed solely towards WGN's "mandatory" early retirement program. Rizzo's complaint fails to allude to any act of WGN from which sexually discriminatory conduct may be inferred. Under such circumstances, this Court finds that Rizzo's October 11

Amendment, adding a sex discrimination charge, fails to be "like or reasonably related to," *Jenkins*, 538 F.2d 164, 167 (7th Cir.1976), the allegations contained in her April 27 E.E.O.C. charge.

In reaching this conclusion, the court does not rely on Rizzo's failure to mark the box for "sex" discrimination on the E.E. O.C. form. Rather, the court relies on Rizzo's entire complaint including the factual allegations in the charge. *Accord Carrillo v. Illinois Bell Telephone Company*, 538 F.Supp. 793, 798 (N.D.Ill.1982).

Rizzo's E.E.O.C. charge is simply unlike the charge discussed in *Jenkins*. In *Jenkins* the court found that the plaintiff's timely E.E.O.C. charge alleged facts sufficient to charge sex discrimination. 538 F.2d at 169. In the instant case, however, plaintiff's charge alleges no facts indicating she was complaining about sex discrimination.

Therefore, because Rizzo's untimely amendment fails to fit within the exception outlined by the applicable E.E.O.C. regulations, her sex discrimination charge is barred.

### Conclusion

For the reasons set forth above, WGN's motion to Dismiss Count II of Rizzo's complaint is granted.