Maureen T. CONROY, Plaintiff,

v.

BOSTON EDISON CO., Defendant.

Civ. A. No. 90–10583–C.

United States District Court,
D. Massachusetts.

March 11, 1991.

---

Gerard J. Powers, Law Office of James F. Powers, Jr., James F. Powers, Milton, Mass., for plaintiff.

Robert Paul Morris, James M. Paulson, Morgan, Brown & Joy, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Senior District Judge.

Plaintiff, Maureen T. Conroy, has brought this suit against defendant, Boston Edison Company, alleging a total of three counts: Count One for violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (1985), Count Two for violation of Mass.Gen.L. ch. 151B, § 1, *et seq.*, and Count Three for Termination in Violation of Public Policy. Defendant brings the current motion under Fed.R.Civ.P. 12(b)(6), arguing that the first two counts are time-barred, and that the third is unavailable under Massachusetts law. For the reasons discussed below, the defendant's motion to dismiss should be

treated as a motion for summary judgment, and should be allowed as to Count One. Counts Two and Three, the pendent state claims, should be dismissed for lack of subject matter jurisdiction.

## I.

For purposes of this motion, the facts are viewed in the light most favorable to the plaintiff. Conroy worked for the defendant in the Production Operations Department as the Office Supervisor in the Operations Administration Division. She worked for the defendant for twenty-eight years until March 7, 1988, when the defendant informed her that her position with them was being eliminated because of a reduction in force, and that she would cease work effective April 1, 1988. Following this notification of termination, plaintiff applied for several positions with the defendant. Plaintiff alleges that, although she was qualified for these positions, the defendant stated that she did not meet the requisite qualifications.

In response to the events described, Conroy, on June 8, 1988, filed a charge with the Massachusetts Commission Against Discrimination ("MCAD"). The charge read as follows:

On March 24, 1988 I was denied an interview for the position of Scheduling & Coordinating Specialist. I believe I was denied this position because of my sex (Female). Therefore I charge Boston Edison Company with unlawful discrimination against me in Employment in violation of Massachusetts General Laws Chapter 151B, Section 4(1) and Title VII of the 1964 Civil Rights Act, as amended.

1) On March 7, 1988 I was notified that I would be terminated from my position of Office Supervisor by the Boston Edison Company.

2) On March 14, 1988, I applied for the position of Scheduling & Coordinating Specialist. On March 1988 I received notification of my failure to be hired.

3) On March 17, 1988, I applied for the position of Senior Billing Supervisor. On March 21, 1988 I was notified of my failure to be hired.

4) From on or about March 11, 1988 until March 17, I applied for four positions, one was cancelled and I was denied three. Men Who [sic] were less qualified than I were given all three of these jobs. I believe the only reason I was not hired is because of my sex.

Conroy states that when she filed this initial charge with the MCAD, she expressed her desire to file for both age and sex discrimination. She explains, however, that the supervisor assigned to the complaint informed her that she could only file one complaint for either sex or age discrimination, but not for both.[1]

Conroy did not attempt to amend her charge during the one year and nine month period between her filing of the MCAD charge and the current action. On January 30, 1990, however, the Equal Employment Opportunity Commission ("EEOC") made a determination that there was probable cause to believe that Boston Edison had violated the ADEA in implementing the reduction in force through which Conroy lost her job. Subsequently, on March 5, 1990, Conroy filed an amendment to her MCAD charge to add a further charge that she was terminated because of her age, in violation of the ADEA. On March 6, Conroy filed this suit in federal court for discriminatory discharge based on age, and on March 7, the investigation commissioner of the MCAD allowed Conroy's amendment.

## II.

The defendant has moved to dismiss for failure to state a claim upon which relief can be granted. Fed.R.Civ.P. 12(b)(6). Both parties have submitted matters outside of the pleadings, and therefore, defendant's motion shall be treated as a motion for summary judgment.[2] Summary judg-

---

1. Conroy submits the affidavit of Eileen Mulry in support of her contention that she was misled by the MCAD. Mulry states that she accompanied Conroy to the MCAD where she heard Edie Lockhart tell Conroy that she could not file under two different theories of discrimination.

2. Conroy should have been on notice of the possibility of such a conversion given that she

ment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions of file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). The moving party has the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986); *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 1608, 26 L.Ed.2d 142 (1970). If there is a dispute as to a material fact, the motion must be denied. *Adickes*, 398 U.S. at 160, 90 S.Ct. at 1609. Moreover, all facts must be viewed in the light most favorable to the non-moving party, Conroy. *United States v. Diebold, Inc.*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962). Against the backdrop of this standard, this Court shall examine Conroy's claims against Boston Edison.

■ The first issue raised by the defendant is whether Conroy's federal claim for age discrimination in her termination is time-barred. The ADEA provides that, in order to bring a private claim for age discrimination, an aggrieved party must file a charge with the EEOC within 180 days of the alleged act of discrimination. In states such as Massachusetts that have their own discrimination law, however, the charge must be filed with the EEOC within 300 days. 29 U.S.C. § 626(d)(2); *Kale v. Combined Ins. Co. of Am.*, 861 F.2d 746, 750 (1st Cir.1988); *Ciccone v. Textron, Inc.*,

651 F.2d 1, 2 (1st Cir.1981) (*per curiam*), *cert. denied*, 452 U.S. 917, 101 S.Ct. 3052, 69 L.Ed.2d 420 (1981). Similarly, a claim for age discrimination under Massachusetts law must be filed with the MCAD within six months of the last alleged act of discrimination. Mass.Gen.L. ch. 151B, § 5. The filing requirement has a dual purpose. First, it is meant to provide the agency with an opportunity to investigate and conciliate the claim of discrimination. Second, the filing requirement provides notice to the defendant of a potential suit. *Powers v. Grinnell Corp.*, 915 F.2d 34, 37–8 (1st Cir.1990); 3A A. Larsen & L. Larsen, Employment Discrimination § 102.21 (1990).

■ Conroy's amended charge clearly falls outside of these limitation periods. Nonetheless, the relevant EEOC regulation provides that "[a] charge may be amended to clarify or amplify allegations made therein. Such amendments and amendments alleging additional acts which constitute unlawful employment practices related to or growing out of the subject matter of the original charge will relate back to the date the charge was first received." 29 C.F.R. § 1626.8(c) (1990). The rules regarding charges filed with the MCAD contain similar language.[3] Thus, an initial question is whether Conroy's amendment adding a claim of age-based discharge is "related to or growing out of the subject matter" of the charge filed on June 8, 1988, which alleges sexually discriminatory hiring practices, such that it should relate back to the date of her original charge.[4]

submitted an affidavit in opposition to defendant's motion to dismiss and she submitted a copy of a letter dated March 28, 1988, which was sent from the defendant to Conroy's attorney. In any case, as discussed below, it is clear that allowing Conroy further time to submit additional material would be futile as there is nothing that Conroy could elicit that would alter the fact that her claim is time-barred.

3. Section 1.03(5)(a) of the Rules of the MCAD states that "[a] complaint or any part thereof may be amended as of right to cure technical defects or omissions, including failure to swear to the complaint, or to clarify and amplify allegations made therein. An amendment alleging additional acts constituting unlawful discriminatory practices related to or arising out of the

subject matter of the original complaint may be permitted by leave of the Commissioner. Amendments shall relate back to the original filing date." Likewise, the EEOC regulations dealing with the enforcement of Title VII have a provision identical to that dealing with the ADEA. *See* 29 C.F.R. § 1601.12(b) (1990).

4. A court may make an independent determination of whether an agency filing is timely. *Goldman v. Sears, Roebuck & Co.*, 607 F.2d 1014, 1017 (1st Cir.1979), *cert. denied*, 445 U.S. 929, 100 S.Ct. 1317, 63 L.Ed.2d 762 (1980); *Christo v. Edward G. Boyle Ins. Agency, Inc.*, 402 Mass. 815, 818, 525 N.E.2d 643, 645 (1988). Moreover, there are many examples of a court reevaluating an agency's decision of whether to allow an amendment to a charge. *See, e.g.,*

Defendant argues not only that the sex and age claims are unrelated, but that the original charge complains only of about defendant's hiring practices, whereas the amended charge alleges that the discharge was based on age.

■ An amendment is said to grow out of the same subject matter as the initial charge where the protected categories are related, as is the case, for example, with race and national origin. *See Adames v. Mitsubishi Bank Ltd.*, 751 F.Supp. 1565, 1572 (E.D.N.Y.1990); *Avagliano v. Sumitomo Shoji Am., Inc.*, 614 F.Supp. 1397, 1403 (S.D.N.Y.1985). Even where the amendment alleges a new protected category, age instead of race in Conroy's case, it will still relate back where the predicate facts underlying each claim are the same. *Hornsby v. Conoco, Inc.*, 777 F.2d 243, 247 (5th Cir.), *reh'g denied*, 780 F.2d 532 (1985); *Washington v. Kroger Co.*, 671 F.2d 1072, 1075–76 (8th Cir.1982); *Hicks v. ABT Assoc., Inc.*, 572 F.2d 960, 965 (3d Cir.1978); *Kyllo*, 723 F.Supp. at 1337. Thus, a court will pay particular attention to the factual statement contained in the charge. *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir.1970). An amendment does not relate back, however, where it adds an entirely new and distinct claim of discrimination. *Wu v. Thomas*, 863 F.2d 1543, 1547 (11th Cir.) (quoting *Ray v. Freeman*, 626 F.2d 439, 443 (5th Cir.1980) (quoting *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970))), *reh'g denied*, 871 F.2d 122 (1989). Moreover, courts have looked at the timing of the amendment, and have said that where the filing of the amendment closely precedes the filing of the federal court action, it is likely an attempt to avoid the filing requirements. *See Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 128 (7th Cir. 1989); *Lindsey v. Baxter Healthcare Corp.*, 757 F.Supp. 888 (N.D.Ill.1991).

■ Although both parties argued solely in terms of whether the amendment relates back, there is a second inquiry that must be made which is similar to the question of whether an amendment relates back, and yet is distinct. That inquiry revolves around the principle that the scope of a civil action is not determined by the specific language of the charge filed with the agency, but rather, may encompass acts of discrimination which the MCAD investigation could reasonably be expected to uncover. *Powers*, 915 F.2d at 38–9; *Sosa v. Hiraoka*, 920 F.2d 1451, 1456 (9th Cir. 1990); *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir.1970); *Walters v. President & Fellows of Harvard College*, 616 F.Supp. 471, 475 (D.Mass.1985); *Mamos v. School Comm. of the Town of Wakefield*, 553 F.Supp. 989, 992 (D.Mass. 1983). According to the so-called "scope of the investigation rule," " 'the exact wording of the charge of discrimination need not "presage with literary exactitude the judicial pleadings which may follow" '." *Powers*, 915 F.2d at 39 (quoting *Tipler v. E.I. duPont deNemours & Co.*, 443 F.2d 125, 131 (6th Cir.1971) (quoting *Sanchez*, 431 F.2d at 466)). In deciding what a reasonable investigation would uncover, the fact that a particular type of discrimination was actually investigated has evidentiary value. Nonetheless, where the factual statement in a plaintiff's written charge should have alerted the agency to an alternative basis of discrimination, and should have been investigated, the plaintiff will be allowed to allege this claim in his or her complaint regardless of whether it was actually investigated. *Powers*, 915 F.2d at 39 n. 4; *Santiago v. National Cleaning Contractors, Inc.*, No. 88–1172, 1990 WL 260248 (S.D. N.Y. May 8, 1990) (WESTLAW, Allfeds library). Allegations in the federal complaint of new acts of discrimination, however, are inappropriate. 21 Fed.Proc.L.Ed. § 50.120 (1990).

Turning to the facts at hand, defendant points to two discrepancies between the

---

*Pejic v. Hughes Helicopters, Inc.*, 840 F.2d 667, 675 (9th Cir.1988); *Rizzo v. WGN Continental Broadcasting Co.*, 601 F.Supp. 132, 134–35 (N.D. Ill.1985); *Kyllo v. Farmers Coop. Co. of Wanamingo, Minn.*, 723 F.Supp. 1332, 1337 (D.Minn.

1989); *see also* 21 Fed.Proc.L.Ed. § 50:224 (1984). It should also be noted that the MCAD made no findings when it allowed the amendment.

charge and the complaint filed in this action which prevent it from relating back, and which prevent it from falling within the "scope of the investigation" rule.[5] The first is that the charge complained only of the failure to hire, not the discharge. As far as the relation back of the amendment is concerned, defendant has a valid argument that hiring and discharge claims do not arise from the same predicate facts. *See Cobb v. Stringer,* 850 F.2d 356, 359 (8th Cir.1988) (distinguishing plaintiff's claim for failure to hire from claim for discriminatory demotion); *Lawson v. Burlington Indus., Inc.,* 683 F.2d 862, 863–64 (4th Cir.) (illegal layoff does not encompass allegation of illegal failure to hire), *cert. denied,* 459 U.S. 944, 103 S.Ct. 257, 74 L.Ed.2d 201 (1982); *McPartland v. American Broadcasting Cos.,* 623 F.Supp. 1334, 1341 n. 3 (S.D.N.Y.1985) (failure to promote unrelated to retaliation). Nonetheless, the "scope of the charge" rule indicates that a reasonable investigation of the charge of sex-based failure to hire would have encompassed an allegation of sex-based discharge. For example, in a recent First Circuit case, where the plaintiff had complained in his charge about the defendant's failure to hire him for alternative positions due to his age, the court held that the defendant's age-based decision to discharge the plaintiff, rather than employ him elsewhere, "was at the very heart of the administrative charge." *Powers,* 915 F.2d at 39. Thus, construing the charge in the light most favorable to Conroy, the MCAD charge regarding sexually discriminatory

hiring could support a claim of sexually discriminatory discharge.

On the contrary, the second discrepancy between the charge and the complaint, age versus sex discrimination, is fatal to Conroy's present action. First, by adding a new claim for age discrimination, Conroy's amendment cannot be said to "clarify or amplify" her original MCAD charge such that it would relate back, according to the EEOC regulation. As a general matter, age discrimination does not flow from sex discrimination. *Pejic v. Hughes Helicopters, Inc.,* 840 F.2d 667, 675 (9th Cir.1988); *Rizzo v. WGN Continental Broadcasting Co.,* 601 F.Supp. 132, 135 (N.D.Ill.1985); *see also Equal Employment Opportunity Comm'n v. Mississippi College,* 626 F.2d 477, 483–84 (5th Cir.1980) (race discrimination does not relate to sex discrimination), *cert. denied,* 453 U.S. 912, 101 S.Ct. 3143, 69 L.Ed.2d 994 (1981). A similar situation existed in *Rizzo v. WGN Continental Broadcasting Co.* In *Rizzo,* the plaintiff filed a charge of age discrimination with the EEOC. 601 F.Supp. at 133. After the expiration of the applicable time period, the plaintiff amended her original charge to include an allegation of sex discrimination. The court in *Rizzo* determined that the amendment did not relate back because the original charge alleged no facts which would suggest that the plaintiff was complaining about sex discrimination. *Id.* at 135. Similarly, in *Pejic v. Hughes Helicopters, Inc.,* the court held that an amendment adding a charge of age discrimination did not relate back to the original charge of sex discrimination. 840 F.2d at 675. The

---

5. The amendment reads as follows:

"Pursuant to Rule 3.05 of the Commission's Rules of Procedure, the above referenced complaint is hereby amended and now reads as follows:

On March 7, 1988, I was informed by Boston Edison that I would be terminated from my position of Office Supervisor. I believe I am being terminated because of my age. I am 47 years old (D.O.B. 3/25/41).

Reason given for termination was the company was being downsized and my position was being eliminated. The other supervisors not terminated are all under 40 years old.

On March 17, 1988, I applied for the position of Senior Billing Supervisor. On March 21, 1988, I was notified of my failure to be hired.

From on or about March 11, 1988 until March 17, I applied for four positions, one was cancelled, and I was denied three. Men who were less qualified than I were given all three of these jobs.

On March 24, 1988, I was denied an interview for the position of Scheduling & Coordinating Specialist. I believe I was denied this position because of my sex (Female). Therefore, I charge Boston Edison Company with unlawful discrimination against me in employment in violation of Massachusetts General Laws, Chapter 151B, Section 4(1)(1B), Title VII of the 1964 Civil Rights Act, as amended, and the Age Discrimination in Employment Act, as amended."

court reasoned that Title VII and ADEA claims arise from completely different statutory schemes, and, citing *Rizzo*, noted that the original charge contained no hint or suggestion of age discrimination. *Id.* at 675. This Court believes that amendments to charges with the MCAD should be liberally allowed. Nonetheless, to suggest that Conroy's amended charge involves "practices related to or growing out of the original charge" would reduce the language of the EEOC and MCAD regulations to a nullity.

Second, and for the same reasons, there is simply no dispute of material fact regarding whether the MCAD's investigation of Conroy's claim for failure to hire due to her sex should reasonably have encompassed a claim for age-based discharge. Even under the liberal "scope of the investigation" rule, the federal complaint cannot be used to add an entirely new basis of alleged discrimination. 2 A. Larsen & L. Larsen at § 49.11(c)(1) (noting by way of example that a reasonable investigation of sex discrimination is not expected to lead to race discrimination). Conroy's charge did not state her age, nor did it even indicate how long she had been employed with the defendant. Even assuming that the MCAD should have explored the circumstances surrounding Conroy's discharge, this investigation would have examined only whether her discharge was based on her sex. Furthermore, although it is not determinative, it is worth noting that the MCAD's investigation in fact did not encompass age discrimination, but focused solely on defendant's hiring of men rather than Conroy, to fill vacant positions.[6] In fact, the investigation conducted by Conroy's own attorney encompassed sex discrimination only.[7] Thus, there is no disputing the fact that the scope of the MCAD's investigation could not reasonably have been expected to embrace age-based discharge. *See Thornk-*

*ildson v. Insurance Co. of N. Am.*, 631 F.Supp. 372, 375 (D.Minn.1986).

To avoid this conclusion, Conroy relies on her allegation that the MCAD told her that she could not file for both age and sex discrimination. Thus, Conroy argues that the filing period should be equitably tolled. Conroy's complaint supplies no facts to support her argument for equitable tolling, but rather, she relies on the affidavit of Eileen Mulry who was with Conroy when she went to the MCAD. It is settled law that the filing requirement is not a jurisdictional prerequisite, but rather, is akin to a statute of limitations, and is therefore, subject to equitable modification. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393, 102 S.Ct. 1127, 1132, 71 L.Ed.2d 234 (1982); *Kale*, 861 F.2d at 752. There are two related doctrines by which a plaintiff's failure to make a timely filing with the necessary agency may be excused: equitable estoppel and equitable tolling. *Kale*, 861 F.2d at 752. Equitable estoppel is invoked where the plaintiff reasonably relies on the misleading representations of his or her employer. *Id.* Equitable tolling, on the other hand, may be invoked in more instances, such as when the plaintiff relies on misrepresentations by the EEOC or the applicable state agency. *See id.* at n. 8; A. Larsen & L. Larsen, Employment Discrimination at § 102.21(e) (1990).

Federal courts, including the First Circuit, take an extremely narrow view of equitable modifications of the limitations periods in discrimination cases. *Lopez v. Citibank, N.A.*, 808 F.2d 905, 906 (1st Cir. 1987) (quoting *Earnhardt v. Puerto Rico*, 691 F.2d 69, 71 (1st Cir.1982)). The First Circuit has stated that the following factors should be considered in deciding whether to invoke the doctrine of equitable tolling: " '(a) lack of actual notice of filing requirement; (2) lack of constructive

---

6. This conclusion is based upon the affidavit of Anne C. Tavares and its attached correspondence between the MCAD and the defendant. The affidavit and letters indicate that the MCAD only investigated the defendant's failure to hire Conroy for various positions which ultimately went to men. These were the positions about

which Conroy complained in her charge with the MCAD.

7. The letter from Conroy's attorney to the defendant only inquired about defendant's failure to hire Conroy for other supervisory positions, and the sex of the people hired instead of Conroy.

knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the defendant; and (5) a plaintiff's reasonableness in remaining ignorant of the notice requirement.' " *Kale,* 861 F.2d at 752 (quoting *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir.1988)). Defendant correctly points out that in considering these five factors, it is also necessary to consider whether the plaintiff had retained an attorney. *See Kale,* 861 F.2d at 753. When a plaintiff retains an attorney during the limitations period, he or she is charged with constructive knowledge of all procedural requirements. *Id.* at 753; *Cano v. United States Postal Serv.,* 755 F.2d 221, 222 (1st Cir.1985) (*per curiam* ); *Leite v. Kennecott Copper Corp.,* 558 F.Supp. 1170, 1174 (D.Mass.), *aff'd,* 720 F.2d 658 (1st Cir.1983).

Plaintiff concedes in her memorandum in opposition to the motion that she retained an attorney for two months. In fact, Conroy and the defendant have both submitted evidence that Conroy's attorney corresponded with the defendant as early as March 23, 1988, when he requested information regarding the number of women in supervisory positions. She also concedes that she filed her charge with the MCAD on the advice of counsel. Given that Conroy retained counsel during the limitations period, this is not a situation where the filing requirements should be equitably tolled. There is simply no evidence that Conroy could submit to this Court that would in anyway undercut the fact that she retained an attorney during the limitations period and that this attorney did in fact involve himself in her case.

The next issue to be addressed concerns Conroy's pendent claims in Counts Two and Three of her complaint. Pendent claims are subject to dismissal where the federal claim that is the basis of federal jurisdiction is dismissed before trial. *United Mine Workers of Am. v. Gibbs,* 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966); *Brennan v. Hendrigan,* 888 F.2d 189, 196 (1st Cir.1989); *Schaefer v. Transportation Media, Inc.,* 859 F.2d 1251, 1256 (7th Cir.1988). Therefore, Counts Two and Three should be dismissed for lack of subject matter jurisdiction.

Thus, for all of the reasons stated above, summary judgment should be entered in favor of defendant, Boston Edison Company, on Count One of Conroy's complaint, and Counts Two and Three should be dismissed for lack of subject matter jurisdiction.

Order accordingly.