Dr. Jose ROJAS, Plaintiff,

v.

**FIRST BANK NATIONAL ASSOCIATION,**
Defendant.

**No. 84 CV 3032.**

United States District Court,
E.D. New York.

July 15, 1985.

ters of cargo shipping. He seeks to avoid a guaranty and a note he executed to back up several loans and to get back any payments he made on the loans. He alleges that defendant fraudulently induced him to execute the guaranty and the note, and negligently approved the underlying loans. Additionally, because the parties transacted business by telephone and through the mails, plaintiff has asserted the now obligatory civil RICO claim. 18 U.S.C. § 1964(c).

Defendant, which counterclaimed for the balance owed on the loans, now moves for summary judgment dismissing the complaint and awarding it the amount demanded in the counterclaims. Fed.R.Civ.P. 56. For the reasons developed below, defendant's motion is granted in its entirety.

### Facts

Undisputed are the following material facts. In July, 1980 plaintiff and two associates formed Interseas Marine, Inc. ("Interseas"), a New York corporation with plaintiff as its president. One year later Interseas borrowed $100,000 from defendant; plaintiff personally guaranteed this loan.

Also in July, 1981, plaintiff and his associates formed a Liberian corporation, Santa Katerina, S.A., for the purpose of owning and operating a cargo ship, the *Santa Katerina*. This new corporation, of which plaintiff was vice-president, borrowed $250,000 from AFI Financial Corporation ("AFI"), and bought the *Santa Katerina*. Plaintiff personally guaranteed this loan as well.

Within seven months, Santa Katerina, S.A. had reduced its debt to AFI to $89,-414.25. Financial statements submitted to defendant by Santa Katerina, S.A. indicate that from July, 1981 to December, 1981, the corporation earned a net profit of $257,-000 after only three voyages by the *Santa Katerina*.

On February 9, 1982 defendant loaned Santa Katerina, S.A. $300,000, part of which was to be used to satisfy the balance of the loan from AFI. The corporation gave back its promissory note, and plain-

Joseph P. Lefkowitz, P.C., Berger, Poppe, Janiec & Graziadei, New York City (Frank M. Graziadei, New York City, of counsel), for plaintiff.

Baker & McKenzie, New York City (Charles Cummings, Abigail T. Reardon, New York City, of counsel), for defendant.

McLAUGHLIN, District Judge.

This action arises out of an ill-fated voyage by plaintiff, a physician, into the wa-

tiff,· among others, personally guaranteed that note.

Seven months later, in September, 1982, defendant loaned Santa Katerina, S.A. an additional $10,515. The corporation again gave back its promissory note; and plaintiff signed an agreement to be bound by the note as though he were a co-maker thereof.

Of the $300,000 loan, there remains unpaid $299,501, plus interest and collection costs. Additionally, the entire $10,515 loan, plus interest, is unpaid. By counterclaiming, defendant has exercised its right, embodied in the guaranty and the note signed by plaintiff, to proceed against plaintiff for the entire amount due.

### Discussion

#### A. Plaintiff's Complaint

#### 1. The Fraud Claim

The complaint alleges, in the vaguest of terms, that defendant fraudulently induced plaintiff to guarantee the loans to Santa Katerina, S.A. The fraud existed, according to plaintiff, in defendant's knowledge that: (1) plaintiff's profession is that of a physician and he is inexperienced in the area of cargo shipping; (2) plaintiff is a man of "substantial assets;" (3) at the time plaintiff was induced to sign the guaranty and the note, Santa Katerina, S.A. was unable to repay the loans; and (4) at the time he signed the guaranty and the note, plaintiff was not represented by counsel.

Fueling plaintiff's conviction that he was defrauded is the fact that defendant has purposely not proceeded against either Santa Katerina, S.A. or the vessel *Santa Katerina*. This, claims plaintiff, is to his detriment. Additionally, the complaint is spangled with references to "representations" and "misrepresentations" by defendant, although nowhere in the complaint are they defined.

■ Of the four bases of this alleged fraud, the first, second, and fourth lead the Court to wonder whether plaintiff's counsel read Fed.R.Civ.P. 11 prior to signing the complaint. They are entirely frivolous and deserving of no discussion.

■ The other allegation, regarding defendant's knowledge of Santa Katerina, S.A.'s ability to repay the loans, is squarely contradicted by the record, which shows that at the time of the making of the first loan the corporation was very profitable. In any event plaintiff, who was an officer of the corporation and who signed each loan agreement on behalf of the corporation, can hardly claim he had no knowledge of the corporation's financial condition when he signed the personal guarantees.

■ That defendant has not proceeded against either Santa Katerina, S.A., the vessel *Santa Katerina*, or the other individual guarantors after default is irrelevant to a claim of fraud in the inducement. Both the guaranty on the first loan and the note plaintiff signed on the second each give to defendant the right to proceed after default in any manner it wishes. The undisputed facts establish that plaintiff has no basis for any claim of fraud. Accordingly, summary judgment will be entered for defendant on the fraud claim.

#### 2. The Negligence Claim

Plaintiff also alleges that "[i]f Defendant was without knowledge of the poor financial situation of [Santa Katerina, S.A.], then Defendant acted in a negligent and reckless manner in approving [the $300,000 loan]." Complaint ¶ 24. The record indicates, however, that at the time the loan was made the corporation was financially healthy. Even under plaintiff's logic, then, it appears defendant was anything but negligent in approving the loan.

■ Notwithstanding the financial status of Santa Katerina, S.A., plaintiff has not alleged any facts that would support the existence of a duty flowing from defendant to plaintiff—as guarantor—not to make imprudent loans to a corporation of which plaintiff was vice-president. And, not surprisingly, plaintiff has cited no cases in support of its theory. To relieve a guarantor from liability because a bank made a bad loan—absent a showing of fraud by the bank or collusion between bank and borrower—would be to stand

guaranty law on its head. The very purpose of a guaranty is to assure the lender that in the event the borrower defaults, the lender will have someone to look to for reimbursement. The law of suretyship is not designed to protect guarantors from their own improvidence.

Generally, of course, summary judgment is inappropriate in negligence cases. In this instance, however, it is entirely proper as a means of conserving judicial resources and protecting defendant from needless expense. Accordingly, summary judgment will be entered for defendant on the negligence claim.

### 3. The Civil RICO Claim

By using the telephone and mails to further its fraudulent scheme, alleges plaintiff, defendant committed acts indictable under 18 U.S.C. §§ 1341, 1343 and 1952. Accordingly, plaintiff adds a civil RICO claim under 18 U.S.C. § 1964(c). Plaintiff alleges that defendant has derived substantial income from this "pattern of racketeering activity," 18 U.S.C. §§ 1961(5), 1962(a), and that plaintiff has been injured in his business or property as a result. 18 U.S.C. § 1964(c).

■■■■ To state a claim for a civil RICO violation, plaintiff must prove he was injured in his business or property by reason of defendant's conduct of an enterprise through a pattern of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co.,* — U.S. ——, ——, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985). The "racketeering activity" charged in the complaint is alleged to be mail fraud, wire fraud, and the use of interstate commerce to commit fraud. 18 U.S.C. §§ 1341, 1343, 1952. As discussed above, however, plaintiff has adduced no facts to support a finding of fraud. Having failed to make such a showing, plaintiff has not established the "pattern of racketeering activity" necessary to support a civil RICO

claim.[1] Accordingly, defendant's motion for summary judgment dismissing the RICO claim is granted.

### B. Defendant's Counterclaims

■■■■ Defendant has counterclaimed for the unpaid balance of the $300,000 loan and the entire loan of $10,515. Plaintiff admits in its statement of undisputed facts, Local Civil Rule 3(g), that he owes defendant the amount demanded in the counterclaims. His defenses to liability are embodied in the three claims in the complaint, all of which have been dismissed.

Because plaintiff admits his liability on the guaranty and note, and because his defenses have been dismissed, summary judgment for defendant on its counterclaims is appropriate. The parties are directed to meet and to agree upon a form of judgment, which shall be submitted to the Court not later than July 22, 1985.

SO ORDERED.

---

**1.** Even if plaintiff had proved the acts charged in the complaint, he would still not have demonstrated a "pattern" of racketeering activity. A pattern "requires at least two acts of racketeering activity." 18 U.S.C. § 1961(5). Several isolated acts, however, do not a pattern make. There must be a showing of at least two acts of racketeering activity and the threat of continuing activity. *Sedima, S.P.R.L. v. Imrex Co.,* —— U.S. ——, —— n. 14, 105 S.Ct. 3275, 3285 n. 14, 87 L.Ed.2d 346 (1985). Plaintiff's allegations, arising out of two discrete transactions with defendant, fall far short of establishing a pattern within the meaning of the RICO statute.