**Paul E. STANTON, Jr., Pano A. Lamis and David Rosenthal as trustees of Atlanta Vascular Specialists, P.C. Profit Sharing Plan and Atlanta Vascular Specialists, P.C. Money Purchase Pension Plan for the use and the benefit of Dr. Paul E. Stanton, Jr., Plaintiffs,**

v.

**SHEARSON LEHMAN/AMERICAN EXPRESS, INC. (formerly known as Shearson/American Express, Inc.) and Peg J. Shimp, Defendants.**

Civ. A. No. C84–1731A.

United States District Court,
N.D. Georgia,
Atlanta Division.

Dec. 9, 1985.

---

**294**

Gerald B. Kline, Bauer, Deitch & Raines, P.C., Atlanta, Ga., for plaintiffs.

Peter J. Anderson, Peterson Young Self & Asselin, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

Plaintiffs bring this action alleging, among other things, that defendants violated the Georgia Racketeering Influenced and Corrupt Organizations Act ("the Georgia RICO Act"), Ga. Off'l Code Ann. §§ 16–14–1 *et seq.* Presently pending is defendants' motion to dismiss plaintiffs' Georgia RICO Act claims for failure to

state a claim upon which relief can be granted. Defendants contend that these claims should be dismissed because "Plaintiffs have failed to allege that either [of the defendants] is an 'organized criminal elements' nor that they have engaged in an 'interrelated pattern of criminal activity.' " (Defendants' brief, p. 3).

No Georgia court has addressed the issue of whether the Georgia civil RICO Act is limited to the "organized crime" context so this court must speculate how a Georgia court would decide this issue. Because the Georgia RICO Act was enacted after the federal RICO Act and contains substantially the same language as the federal act, this court concludes that a Georgia court, if confronted with this issue, would follow federal court decisions interpreting the federal RICO Act and decide that failure to allege an association with organized crime is not fatal to a Georgia RICO claim.[1] *See Owl Construction Co. v. Ronald Adams Contractor, Inc.*, 727 F.2d 540, 542 (5th Cir.1984); *Moss v. Morgan Stanley, Inc.*, 719 F.2d 5 (2d Cir.1983); *Bunker Ramo Corp. v. United Business Forms, Inc.*, 713 F.2d 1272 (7th Cir.1983); *Bennett v. Berg*, 685 F.2d 1053 (8th Cir.1982), *aff'd* 710 F.2d 1361 (8th Cir.) (en banc), *cert. denied*, 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983); *Taylor v. Bear Stearns & Co.*, 572 F.Supp. 667, 681–82 (N.D.Ga.1983) (Forrester, J.); *Kimmel v. Peterson*, 565 F.Supp. 476, 490 (E.D.Pa.1983); *Austin v. Merrill Lynch, Pierce Fenner & Smith, Inc.*, 570 F.Supp. 667, 669–70 (W.D.Mich.1983); *Mauriber v. Shearson/American Express, Inc.*, 567 F.Supp. 1231, 1239–40 (S.D.N.Y. 1983); *Lode v. Leonardo*, 557 F.Supp. 675, 680 (N.D.Ill.1982); *Crocker National Bank v. Rockwell International Corp.*, 555 F.Supp. 47, 49 (N.D.Cal.1982).

The court rejects defendants' contention that "the Georgia Legislature has imposed a much more stringent standard for RICO violations than set forth in the Federal RICO Act." (Defendants' brief, p. 2). The

---

**1.** The court notes that the Georgia Supreme Court has allowed the criminal RICO prosecution of a defendant who was not an organized crime member. *See, e.g., Caldwell v. Georgia*, 253 Ga. 400, 321 S.E.2d 704 (1984).

Georgia RICO Act adopts the same enforcement mechanism which Congress set forth in the federal RICO Act. The Georgia legislature, just like Congress, defined certain proscribed "predicate acts" and created a civil remedy for "any person injured by reason of" a "pattern" of such predicate acts. That the Georgia legislature declared its intent "to impose sanctions against [the] subversion of the economy by organized criminal elements", Ga. Off'l Code Ann. § 16–14–2(b), does not create a more stringent standard for the Georgia Act; despite the purpose of the Act, the Act was written in very broad terms containing no restriction on its face as to enforcement against only members of "organized crime."

Accordingly, the court DENIES defendants' motion to dismiss.