**HOWELL PETROLEUM CORPORATION, Plaintiff-Appellant,**

v.

**Eldridge V. WEAVER, et al., Defendants-Appellees.**

No. 84-2514.

United States Court of Appeals, Fifth Circuit.

Jan. 17, 1986.

Bonham, Carrington & Fox, Eugene B. Wilshire, Jr., Patrick J. Dyer, Houston, Tex., for plaintiff-appellant.

Schlanger, Cook, Cohn, Mills & Grossberg, C. Henry Kollenberg, H. Miles Cohn, Houston, Tex., for defendants-appellees.

Before RUBIN, JOHNSON and JONES, Circuit Judges.

**ON PETITION FOR PANEL REHEARING**

(Opinion November 22, 1985, 5th Cir., 776 F.2d 1302)

PER CURIAM:

The appellees have filed a petition for panel rehearing that concedes the district court's error in dismissing the case for failure to allege any "racketeering injury." The appellees now argue, as they did alternatively in their original brief, that the dismissal was justified on the ground that the complaint did not state with sufficient particularity the predicate acts allegedly committed by the defendants. They contend that "the Appellant did no more than to allege generally the outline of a fraudulent scheme purportedly undertaken by Weaver Exploration Company, and then to allege the office held by each individual Defendant in that company."

The original complaint might have been so characterized, but the district court ordered that a more detailed amended complaint be filed, and the plaintiff-appellants complied. When the district court later dismissed the action, it made no further mention of a lack of particularity in the pleadings, or of any defect other than the failure to allege racketeering injury. We noted in our panel opinion the appellees' argument that the complaint was insufficiently detailed, but held the complaint adequate without more explicit discussion. The appellees take the district court's si-

lence and our brevity as an indication that neither court reached the particularity issue. The correct conclusion is, however, that the amended complaint cured any original defects, and that both courts found it sufficiently detailed.

The amended complaint is replete with specific allegations of wrongdoing by each of the defendants. The fraudulent scheme is alleged to have been undertaken not by the company, but by the individual defendants. In paragraphs 11–16 and 23–27 of the complaint, the defendants are alleged to have knowingly participated in a pattern of racketeering activity and fraudulent acts as a group, while paragraphs 18–22 describe in detail the responsibilities and fraudulent acts of each individual defendant by name. The RICO count, set forth in paragraphs 28–38, covers all elements of the statutory offense, and attributes the racketeering activity squarely to the defendants.

The six instances of mail fraud on which the RICO count stands are described in count 17 as fraudulent bills mailed by the "Enterprise" rather than by the individual defendants. The description of the individual defendants' responsibilities in the surrounding paragraphs, however, makes clear that they participated as principals in this racketeering activity, or indirectly conducted it, even if they did not themselves post the letters. This is all that 18 U.S.C. § 1962(a) and (c) require. Although fraud must be alleged with particularity, and a mere allegation that the defendants used the mails in connection with a fraudulent scheme would not be sufficient,[1] the amended complaint in this case far exceeds that minimum.

In short, the appellees have mischaracterized the amended complaint, and we find no basis to require a rehearing. It is indeed necessary to plead all of the elements of a RICO violation but it suffices to do so in accordance with the liberal notice-pleading procedure of the Federal Rules of Civil Procedure,[2] and of *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

The petition for rehearing is, therefore, DENIED.

**1.** *Bennett v. Berg,* 685 F.2d 1053, 1062 (8th Cir. 1982); *Rojas v. First Bank Nat'l Ass'n,* 613 F.Supp. 968, 971 (E.D.N.Y.1985); *Caliber Partners, Ltd. v. Affeld,* 583 F.Supp. 1308, 1313 (N.D. Ill.1984); *see* C. Wright & A. Miller, Federal Practice & Procedure § 1297 (1969); Fed.R. Civ.P. 9(b).

**2.** *Cf. Friedlander v. Nims,* 755 F.2d 810, 813 n. 3 (11th Cir.1985).