**Dann S. SHEFTELMAN**

v.

**Allen O. JONES, et al.**

**No. C84–472A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

May 26, 1986.

Harold Wilson Whiteman, Jr. and Michael J. Gorby, Fain, Gorby, Reeves & Moraitakie, Atlanta, Ga., R. Bruce McNew and Nicholas E. Chimicles, Greenfield, Chimicles & Lewis, Haverford, Pa., John A. Howard and Andrew J. Hinton, Fortson & White, Atlanta, Ga., and Robert W. Anthony and Richard H. Adams, Jr., Smathers, Pleus, Adams, Fassett & Divine, Orlando, Fla., for plaintiff.

Peyton S. Hawes, Jr., Cofer, Beauchamp & Hawes, Atlanta, Ga., Ian M. Comisky, Blank, Rome, Comisky & McCauley, West Palm Beach, Fla., and Richard P. McElroy and Alexander D. Bono, Blank, Rome, Comisky & McCauley, Philadelphia, Pa., for Laventhol & Horwath.

Emmet J. Bondurant and Karen B. Bragman, Bondurant, Miller, Hishon & Stephenson, Atlanta, Ga., and J. Vernon Patrick, Jr., Patrick & Associates, Birmingham, Ala., for Holland & Knight.

Jack H. Watson, Jr. and Phillip A. Bradley, Long & Aldridge, Atlanta, Ga., for Kutak, Rock & Huie.

Gail Tusan Joyner, Mary E. Mann and J. Alexander Porter, Asbill, Porter, Churchill

& Nellis, Atlanta, Ga., for Hereth, Orr & Jones, Jack Hereth and Finerock Corp.

F. Carlton King and Wm. L. Ballard, Doster, Allen & King, Atlanta, Ga., for Rice and McElroy.

Robert O. McCloud, Jr. and H. Sanders Carter, Jr., Carter, Ansley, Smith & McLendon, Atlanta, Ga., for Cobb & Cole.

John T. Marshall and Thomas S. Richey, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for Arnall, Golden & Gregory and James E. Dorsey.

Richard H. Martin, Pittsburgh, Pa., for Mahai Marcu.

John L. Latham, David A. Handley, Smith, Gambrell, Russell & Martin, Atlanta, Ga., for James, Raymond & Assoc., Marion Bass Securities, Nat. Union Fire Ins. Co., Wood Gundy, & Co., Inc., Heyman-Cole Inv. Securities, Herzfeld & Stern, Richardson Greenshield Securities, Swink & Co. and American Municipal Securities.

J. Kirk Quillian, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for Yankelovich, Skelly & White, Inc.

Kirk M. McAlpin, Jr., Peter J. Anderson and Louise Bailey, Peterson, Young, Self & Asselin, Atlanta, Ga., for J. Milton Newton, Inc.

A. Timothy Jones, T. Ryan Mock, Jr. and John D. Steel, Atlanta, Ga., for Allen O. Jones and James E. Dorsey.

Herbert Schlanger, Atlanta, Ga., for Royal Care Communities, Ltd., Royal Care Communities, Inc., Foundation Investors, Ltd. and A.O. Jones & Co.

### ORDER

RICHARD C. FREEMAN, District Judge.

This securities fraud action is before the court on plaintiff's motion for reconsideration of this court's December 26, 1984, order dismissing plaintiff's claim for relief under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968. Defendants oppose the motion.

Count III of plaintiff's first amended complaint provided:

### Count III
#### (Violation of RICO Against ALL Defendants)

95. On behalf of himself and the Plaintiff Class, plaintiff repeats and realleges paragraphs 1 through 94 hereof as if fully set forth herein.

96. Royal Regency, the Developer, and the underwriting syndicate by which the Bonds were sold are enterprises within the definition of 18 U.S.C. § 1961(4), and each affects interstate commerce.

97. Each defendant was employed by and/or associated with each of the above enterprises and participated in the conduct of the affairs of each enterprise.

98. Each defendant has engaged in racketeering activity in at least the following manner:

a. fraud in the sale of securities (18 U.S.C. § 1961(d)).

b. mail fraud (18 U.S.C. § 1961(1)).

c. wire fraud (18 U.S.C. § 1961(1)).

Each defendant has engaged in a pattern of racketeering activity in that at least two acts of racketeering activity as described above have been performed by each defendant.

99. Plaintiff and the Plaintiff Class have suffered substantial financial loss as a direct and proximate result of defendants racketeering activities and defendants are liable therefor.

Several defendants moved to dismiss this count and in an order filed December 26, 1984, the court granted defendants' motion. The court found that plaintiff's RICO claim suffered from two fatal defects: "a failure to allege a violation of section 1962 and a failure to allege an injury by reason of a violation of section 1962." *Sheftelman v. Jones*, 605 F.Supp. 549, 550, 553–54 (N.D. Ga.1984).

On January 7, 1985, plaintiff moved this court to reconsider its December 26 order dismissing plaintiff's RICO claim. Plaintiff argued that he should be permitted to

amend the complaint to allege violations of section 1962. Defendants opposed plaintiff's motion for reconsideration.

In an order dated June 28, 1985, the court deferred consideration of plaintiff's motion for reconsideration pending the Supreme Court's decisions in *Sedima S.P. R.L. v. Imrex Co., Inc.,* —— U.S. ——, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985) and *American National Bank & Trust Co. v. Haroco, Inc.,* —— U.S. ——, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985). The court gave the parties 45 days to file supplemental briefs and directed plaintiff to submit his proposed amended RICO count. The parties have filed supplemental briefs and plaintiff's motion for reconsideration is now before this court.

In his briefs, plaintiff argues that *Sedima* clearly abolishes any requirement of a racketeering injury distinct from the predicate acts. Plaintiff quotes the Supreme Court's statement that a section 1962(c) violation requires "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." 105 S.Ct. 3285 (footnote omitted). To the extent the court's order required a showing of racketeering activity apart from the predicate acts, that reasoning is no longer controlling. *Sedima* is clear in holding that no injury separate from the predicate acts is required. *Id.* at 3285.

Apart from the failure to allege a section 1962 injury, the court ruled that plaintiff's complaint was fatally deficient because it did not allege a violation of section 1962. Plaintiff construes this deficiency as a technical pleading defect, remedied by an amended complaint. Accordingly, plaintiff submitted a proposed amended Count III of the complaint. The amended count reads as follows:

### COUNT III

95. On behalf of himself and the Class, plaintiff repeats and realleges paragraphs 1 through 94 hereof as if fully set forth herein.

96. Royal Regency, the Developer, and the underwriting syndicate by which the Bonds were sold are enterprises within the definition of 18 U.S.C. § 1961(4), and each affects interstate commerce.

97. Each defendant was employed by and/or associated with each of the above enterprises and participated in the conduct of the affairs of such enterprise.

98. Each defendant has engaged in racketeering activity in at least the following manner:

a. fraud in the sale of securities (18 U.S.C. § 1961(d)).

b. mail fraud (18 U.S.C. § 1961(1)).

c. wire fraud (18 U.S.C. § 1961(1)).

Each defendant has engaged in a pattern of racketeering activity in that at least two acts of racketeering activity as described above have been performed by each defendant, *and has violated 18 U.S.C. § 1962.*

99. Plaintiff and the Class have suffered substantial financial loss as a direct and proximate result of defendants' racketeering activities *and violations of 18 U.S.C. § 1962,* and defendants are liable therefor.

The portions underlined above indicate the new allegations contained in the amended complaint.

The court's December 26 order indicated a deficiency beyond a technical pleading defect. The court stated that granting plaintiff an opportunity to amend the complaint would prove futile because plaintiff had only alleged facts constituting civil fraud. The court noted that the types of racketeering activity enumerated in section 1961(1) concerned criminal misconduct.

*Sedima* addressed some of the issues regarding the predicate criminal acts. The Court ruled that criminal convictions on the predicate acts are not a prerequisite to a civil RICO action. 105 S.Ct. at 3281–84. Moreover, the Court indicated that the predicate acts need not be established beyond a reasonable doubt. *Id.* at 3282–83.

Against this backdrop of less restrictive RICO construction, plaintiff argues that the pleading requirements of civil and criminal fraud are identical. Plaintiff asserts

that while a finding of intent at trial is needed to support criminal liability, no such requirement exists at the pleading stage.

■ The court agrees with the plaintiff that his allegations of mail, wire, and securities fraud are sufficient to survive defendants' 12(b)(6) motion. A court should grant a 12(b)(6) motion only when plaintiff can prove no set of facts entitling him to relief. *See Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). The court cannot state unequivocally that plaintiff will be unable to prove the requisite predicate acts supporting his civil RICO claim. Thus, following *Sedima* and further consideration, the court concludes that neither reason stated in the court's December 26 order justifies dismissal of plaintiff's RICO count.

In their supplemental brief, defendants reassert their contention that the court should dismiss plaintiff's RICO count for failure to allege a pattern of racketeering activity. Arnall Golden & Gregory ("Arnall") argues that plaintiff's RICO claim does not allege a pattern of racketeering because the complaint only alleges a single fraud—the sale of bonds by means of a misleading official statement. Arnall maintains that this single transaction cannot give rise to a pattern of racketeering activity. To state a pattern of racketeering activity, Arnall contends, plaintiff must allege distinct criminal transactions in addition to distinct predicate acts.

*Sedima* delineates the essential elements of a RICO cause of action as follows, "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." 105 S.Ct. at 3285 (footnote omitted). Defendants do not contest plaintiff's allegations regarding the first two elements, instead concentrating their challenge on the third and fourth requirements. Section 1961(5) states that a pattern of racketeering activity "requires at least two acts of racketeering activity, one of which occurred after the effective date of this chapter and the last of which occurred within ten years (excluding any period of imprisonment) af-

ter the commission of a prior act of racketeering activity."

In considering this section the *Sedima* Court stated:

As many commentators have pointed out, the definition of "pattern of racketeering activity" differs from the other provisions in § 1961 in that it states that a pattern *"requires* at least two acts of racketeering activity," § 1961(5) (emphasis added), not that it "means" two such acts. The implication is that while two acts are necessary, they may not be sufficient. Indeed, in common parlance two of anything do not generally form a "pattern." The legislative history supports the view that two isolated acts of racketeering activity do not constitute a pattern. As the Senate Report explained: "The target of [RICO] is thus not sporadic activity. The infiltration of legitimate business normally requires more than one 'racketeering activity' and the threat of continuing activity to be effective. It is this factor of *continuity plus relationship* which combines to produce a pattern." S.Rep. No. 91–617, p. 158 (1969) (emphasis added). Similarly, the sponsor of the Senate bill, after quoting this portion of the Report, pointed out to his colleagues that "[t]he term 'pattern' itself requires the showing of a relationship.... So, therefore, proof of two acts of racketeering activity, without more, does not establish a pattern...." 116 Cong.Rec. 18940 (1970) (statement of Sen. McClellan). See also *id.*, aimed at the isolated offender"); House Hearings, at 665. Significantly, in defining "pattern in a later provision of the same bill, Congress was more enlightening: "criminal conduct forms a pattern if it embraces criminal acts that have the same or similar purposes, results, participants, victims or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." 18 U.S.C. § 3575(e). This language may be useful in interpreting other sections of the Act. Cf. *Iannelli v.*

*United States,* 420 U.S. 770, 789, 95 S.Ct. 1284, 1295, 43 L.Ed.2d 616 (1975).

105 S.Ct. at 3285 n. 14.

■ As a threshold matter, this statement and section 1961(5) require the commission of at least two predicate acts. Plaintiff's complaint alleges that the defendants committed mail, wire, and securities fraud. Plaintiff concedes that defendants committed these three predicate acts as part of one scheme to defraud. *See* Plaintiff's Reply to Arnall, Golden & Gregory's and James E. Dorsey's "Defendants' Reply Brief In Opposition to Plaintiff's Motion for Reconsideration of the Dismissal of His RICO Count with Prejudice," p. 16, filed October 31, 1985 ("the complaint alleges a single unified scheme to defraud all bondholders"). In this circuit the requisite predicate acts need not occur in different criminal episodes to satisfy the pattern requirement. *See Bank of America National Trust & Savings Association v. Touche Ross & Co.,* 782 F.2d 966, 971 (11th Cir. 1986) ("Acts that are part of the same scheme or transaction can qualify as distinct predicate acts."). Thus, by alleging that the defendants have committed three predicate acts as part of a single scheme to defraud, plaintiff has made a threshold showing that defendants engaged in a pattern of racketeering activity.

As the Supreme Court pointed out, however, the commission of two predicate acts is an essential prerequisite, but does not conclusively establish the existence of a pattern. 105 S.Ct. at 3285 n. 14 ("The implication is that while two acts are necessary, they may not be sufficient. Indeed, in common parlance two of anything do not generally form a 'pattern' "). The Court indicated that the combination of continuity and relationship are needed to find a pattern. *Id.* (quoting S.Rep. No. 91–617, p. 158 (1969)).

As noted above, plaintiff alleges a single scheme to defraud in this case. Several courts considering the issue post-*Sedima* have ruled that a single fraudulent scheme lacks the requisite continuity to establish a pattern. In *Superior Oil Co. v. Fulmer,* 785 F.2d 252 (8th Cir.1986), for example, the court considered whether plaintiff's allegation that defendants engaged in a continuing scheme to convert plaintiff's gas stated a RICO cause of action. The court held that one isolated fraudulent scheme provided insufficient evidence of continuing activity to establish a RICO claim. 785 F.2d at 257. *See also Fleet Management Systems, Inc. v. Archer-Daniels-Midland Co.,* 627 F.Supp. 550 (C.D.Ill.1986) (single scheme to illegally market plaintiff's computer insufficient to state a pattern); *Allington v. Carpenter,* 619 F.Supp. 474, 478 (C.D.Cal.1985) ("to show continuity of racketeering activity ... the predicate acts must have occurred in different criminal episodes"); *Northern Trust Bank/O'Hare, N.A. v. Inryco, Inc.,* 615 F.Supp. 828, 831–33 (N.D.Ill.1985) (two acts of mail fraud in conjunction with single kickback scheme does not constitute a pattern of racketeering activity); *Rojas v. First Bank National Association,* 613 F.Supp. 968, 971 n. 1 (E.D.N.Y.1985) (must show two acts of racketeering activity and threat of continuity to establish a pattern).

The cases cited above illustrate that at least two fraudulent schemes often are needed to establish a threat of continuity. The Eleventh Circuit, however, has not expressly adopted this requirement. *Bank of America National Trust & Savings Association v. Touche Ross & Co.,* 782 F.2d 966 (11th Cir.1986) concerned a suit by five banks against a public accounting firm. After reviewing financial documents prepared by the defendant, the banks agreed to loan money to International Horizons. Subsequently, International Horizons filed for bankruptcy and the banks sought to recover from defendant under RICO.

The Eleventh Circuit expressly adopted the threat of continuing activity as a prerequisite to finding a pattern. 782 F.2d at 971. The Eleventh Circuit also noted that "criminal conduct forms a pattern if it embraces criminal acts that have the same or similar purposes, results, participants, victims, or methods of commission, or otherwise are interrelated by distinguishing

characteristics and are not isolated events." *Id.* (quoting *Sedima* 105 S.Ct. at 3285, n. 14). The *Touche Ross* court, however, did not analyze the defendants' fraudulent conduct in terms of multiple criminal schemes or episodes. Instead, the court determined the threat of continuing activity on the basis of the relationship between the parties, the time frame of the predicate acts, and the number of predicate acts. 782 F.2d at 971. The court concluded that a pattern was present because the plaintiffs alleged "nine separate acts of wire and mail fraud, involving the same parties over a period of three years, for the purpose of inducing the banks to extend credit to International Horizons." *Id.*

Implicit in *Touche Ross* is the belief that a distinction between single and multiple criminal schemes is not the ultimate test for determining whether a threat of continuing activity exists. Similarly, other courts have declined to adopt the single/multiple episode test. *See Paul S. Mullin & Associates v. Bassett,* 632 F.Supp. 532, 541 (D.Del.1986) ("This Court is loath to adopt a definition of pattern which turns on an assessment of whether one or multiple criminal schemes is involved."). These courts emphasize that continuity requires both temporal separation and relatedness. "[T]he repetition of an act taken against a single victim or set of victims following closely on the heels of the original wrong … suggests no expansion, no ongoing design, no continuity, such as was the target of Congress in RICO." *Id.* at 541 (quoting *Kredietbank, N.V. v. Joyce Morris, Inc.,* No. 84–1903 (D.N.J. Jan. 9, 1986) [Available on WESTLAW, DCTU database]).

■ In this case plaintiff has met his threshold burden of alleging that defendants committed two predicate acts. Even though the predicate acts occurred as part of a single scheme, plaintiff's allegation is sufficient under *Touche Ross.*

As the Supreme Court pointed out, however, two predicate acts do not conclusively establish the existence of a pattern of racketeering. Plaintiff must also demonstrate a threat of continuity. The court concludes

that plaintiff has failed to meet this additional burden. The predicate acts in this case did not occur over the protracted period present in *Touche Ross.* Moreover, the defendants did not target a small group of investors and subject them to frequent fraudulent solicitations. Rather, as part of a single bond offering one allegedly misleading official statement was delivered to thousands of investors. Plaintiff has not demonstrated similar conduct on the part of defendants in the past. On the facts as a whole the court does not find the continuity and ongoing design required to demonstrate a pattern.

Accordingly, plaintiff's motion for reconsideration of this court's order of December 26, 1984, dismissing his RICO count is DENIED.