Jere G. MILLS, Thomas H. Dwyer, Jr., Dorothy G. Calhoun, and Margaret K. Stallings, Plaintiffs,

v.

Thomas C. FITZGERALD, H. Nathan Sears, Jr., and Harry E. Rollings, Defendants.

Civ. A. No. C85–1012A.

United States District Court,
N.D. Georgia,
Atlanta Division.

June 5, 1987.

. James L. Ford, Ford & Haley, Atlanta, Ga., for plaintiffs.

Macey & Sikes, William D. Smith, Thomas R. Todd, Jr., James W. Penland, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

Currently before the court in this case, brought by plaintiffs alleging federal and Georgia securities fraud and violations of the federal and Georgia Racketeer Influ-enced Corrupt Organizations Act (RICO), are defendant Fitzgerald's: (1) Motion for Judgment on the Pleadings and (2) Motion to Strike Plaintiffs' Memorandum in Response. The case was originally brought against defendants Fitzgerald and Sears on February 1, 1985. On October 4, 1985, by leave of this court, plaintiffs amended the original complaint by filing their First Amended and Recast Complaint that added plaintiff Stallings as a plaintiff. On May 2, 1986, plaintiffs filed their Second Amended Complaint adding defendant Rollings to the case by leave of this court.

The lawsuit arose out of a series of transactions involving a limited partnership known as DPC Iron Post Venture No. 1, Ltd. ("DPC"). The DPC venture was initiated to drill wells for oil and gas. The partnership consisted of Diversified Petro Corp., as general partner, and four limited partners including the plaintiffs and defendant Rollings. Defendants Sears and Fitzgerald, together with Gene Newton, a nonparty, promoted the sale of the partnership interests to plaintiffs and defendant Rollings. Defendant Fitzgerald was an officer of Diversified Petro Corp. The promotion and initial investment took place in the summer and fall of 1981. The original wells failed in 1982. Another well, denominated as the Beets # 3 well, was drilled and failed later that year.

Plaintiffs contend they formed a reasonable belief they had been defrauded by June 1983. Additionally, plaintiffs allege that after they were induced to purchase their respective interests in DPC, plaintiff Mills was induced to purchase an interest in another oil and gas limited partnership known as Bell # 1 Oil Venture, Ltd. ("Bell"). Plaintiffs contend that defendants made misrepresentations of fact in order to induce plaintiffs to purchase their interests in DPC and Bell.

DISCUSSION

*Motion to Strike*

Defendant Fitzgerald has moved to strike the response of plaintiff to his motion for judgment on the pleadings as untimely filed. Local Rule 220–1(b)(1). Discovery in this case closed October 8, 1986. Defendant Fitzgerald filed his motion for

judgment on the pleadings on February 23, 1987. Defendant Fitzgerald's certificate of service attests that the motion was mailed to plaintiffs on February 20, 1987. Plaintiffs' memorandum in response was filed with the court March 11, 1987. Defendant Fitzgerald contends that this response by plaintiffs was served on defendant and to the court seventeen days after service of defendant Fitzgerald's motion in violation of the ten day period for response provided by in Local Rule 220–1(b)(1).

Plaintiffs in their response to defendants' motion to strike do not contest that their response to defendants' motion for judgment on the pleadings was served seventeen days after service of defendants' initial motion. Instead, plaintiffs contend that because defendant Fitzgerald's brief in support of his motion on the pleadings refers to affidavits, pleadings of other cases, and other evidence that defendants' motion constitutes a motion for summary judgment triggering a twenty day period for plaintiffs to respond. *See* Local Rule 220–1(b)(1).

The court finds that defendant Fitzgerald's motion does contain evidentiary matters that, if considered, would require treatment under Rule 56, Fed.R.Civ.P. as a motion for summary judgment. However, the court under the authority of Rules 12(b) and 12(c) chooses to exclude these evidentiary matters and not convert defendants' motion to a motion under Rule 56. *See* Rule 12(b) and 12(c). Defendants' motion was filed four months after the close of discovery, and therefore, as defendants have failed to move for leave to file, is untimely as a summary judgment motion under Local Rule 220–5(c). ("Motions for summary judgment shall be filed as soon as possible, but, unless otherwise ordered by the court, not later than 20 days after the close of discovery.")

Furthermore, it is the court's province alone to convert a motion under Rule 12 to a Rule 56 summary judgment motion.

The text of Rule 12(c) provides that:

If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to *and not excluded by the court,* the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 ...

Rule 12(c), Fed.R.Civ.P. (emphasis added). *See also* similar language in Rule 12(b). Plaintiffs have arbitrarily recharacterized defendants' motion as one for summary judgment. Given the title of that motion as "Motion for Judgment on the Pleadings," the content of the motion which centers on the defense of failure to state a claim for which relief can be granted, and the fact that the motion in no way complies with the form prescribed for motions for summary judgment in Local Rule 220–5, plaintiffs' recharacterization is particularly inappropriate.

Nevertheless, plaintiffs did respond to defendant Fitzgerald's motion, filing their response with the court within thirteen days and serving defendant within seventeen days. As the court noted above, defendant was not entirely free from fault in improperly filing evidentiary matters appended to its Rule 12(c) motion and there is no substantial prejudice worked against defendant by plaintiffs' serving defendant seven days late. The court feels in its discretion, therefore, that striking plaintiffs' response is unwarranted and accordingly DENIES defendant Fitzgerald's motion to strike.

*Motion For Judgment on the Pleadings*

Defendant Fitzgerald brings the current motion for judgment on the pleadings pursuant to Rules 12(c), 9(b), 12(b)(1), 12(b)(2) and 12(b)(6), Fed.R.Civ.P. on the grounds that the complaint as amended fails to plead fraud with the requisite particularity, fails to state a claim upon which relief can be granted, and therefore, that this court lacks jurisdiction over the subject matter of the pendant claims.[1]

---

1. A motion under Rule 12(b)(6) raising the defense of failure to state a claim upon which relief may be granted must be made before the service of a responsive pleading; but according to Rule 12(h)(2) the defense may be made, as here, within a motion for judgment on the pleadings as late as trial. Rule 12, Fed.R.Civ.P.;

Specifically, defendant Fitzgerald contends that the complaint (1) fails to state a claim under the Federal RICO statute; (2) fails to state a claim under the Georgia RICO statute; (3) fails to state a federal or state securities law violation; (4) fails to plead fraud with the requisite particularity; and (5) therefore, contends that this court has no independent basis for federal jurisdiction on the pendant state claims.

## I. RICO CLAIM

In plaintiffs' sixth claim for relief in the Amended Complaint plaintiffs allege a violation of the Federal RICO act. Plaintiffs state as follows:

### PLAINTIFFS' SIXTH CLAIM FOR RELIEF

35.

In committing the unlawful conduct described above, defendants have used, or knowingly have caused the use of the mail and telephone lines on numerous occasions, and have thus engaged in interstate commerce.

36.

Defendants have engaged in at least two other acts of fraud in the sale of securities since October 15, 1978. Specifically, defendant Fitzgerald was a defendant in an action for securities fraud brought by the Securities Exchange Commission in the United States District Court for the District of Columbia. Fitzgerald has since been held in contempt for violation of a consent judgment in that action. In April, 1984, Fitzgerald was ordered to pay a fine in the approximate amount of $143,000.00 by the Hon. John Carrett Penn, United States District Judge, for violations of that Court's order and judgment. Since that time, Fitzgerald has failed to answer the Court's order to appear, and is now a fugitive from justice. In addition, it is understood that defendants have sold a security in the Bell limited partnership to another individual at a time when they

5 C. Wright & A. Miller, *Federal Practice and*

knew the well forming the subject matter of that security interest was not producing.

37.

Defendants have, by virtue of their conduct, received income from a pattern of racketeering activity, as defined by 18 U.S.C. § 1961(1)(D) and (3).

38.

Defendants are therefore in violation of 18 U.S.C. § 1962 in the sale of the partnership interests to plaintiffs, and in their conduct towards plaintiffs after the sale of those securities.

39.

Plaintiffs have been injured in their property by reason of defendants' violation of 18 U.S.C. § 1962, and are thus entitled to recover from defendants, jointly and severally, as well as any other person or entity who conspired or participated with them, three times the damages that they have sustained under their First, Second and Third Claims for Relief, as well as the costs of this action, including reasonable attorney's fees.

Defendant moves for judgment of dismissal on several grounds including (a) that plaintiffs failed to allege the existence of an "enterprise" through which defendants conducted a pattern of racketeering activity, and (b) that plaintiffs failed to allege predicate acts sufficient to satisfy the "continuity plus" requirement of a pattern of racketeering activity under the RICO statute and relevant caselaw.

In order to state a private claim for relief under RICO, a person must allege that he has been injured in his business or property by reason of a violation of 18 U.S.C. § 1962. *See* 18 U.S.C. § 1964(c). Section 1962 has four subsections and the complaint in this case does not indicate which subsection the defendant allegedly violated. It appears, however, from the briefs that the plaintiffs are alleging a violation of section 1962(c). The essential elements of

*Procedure,* Civil § 1357 (1969 & 1986 Supp.).

a claim alleging a violation of section 1962(c) are (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Co., Inc.*, 473 U.S. 479, 105 S.Ct. 3275, 3285, 87 L.Ed.2d 346 (1985).

RICO defines "racketeering activity" to include any act which is indictable under 18 U.S.C. §§ 1341 and 1343, the mail and wire fraud statutes. 18 U.S.C. § 1961(1). A "pattern of racketeering activity" requires at least two acts of racketeering activity. *But see Sedima*, 105 S.Ct. at 3285 n. 14 (Two isolated acts of racketeering activity may not suffice to establish a "pattern"); *see also Bank of America National Trust & Savings Association v. Touche Ross & Co.*, 782 F.2d 966, 971 (11th Cir.1986) ("[T]o establish a pattern there must be a showing of more than one racketeering activity and a threat of continuing activity.")

It has generally been held that Rule 9(b), Fed.R.Civ.P., applies to RICO claims in which the predicate acts include allegations of fraud. *See, e.g., Haroco v. American National Bank & Trust Co. of Chicago*, 747 F.2d 384, 405 (7th Cir.1984), *aff'd* 473 U.S. 606, 105 S.Ct. 3291, 87 L.Ed.2d 437 (1985); *Gregoris Motors v. Nissan Motor Corp. in U.S.A.*, 630 F.Supp. 902, 912–13 (E.D.N.Y.1986). Rule 9(b) requires that in all averments of fraud, "the circumstances constituting fraud ... shall be stated with particularity." Courts have most often held that the rule requires that the pleader state the time, place, and content of the misrepresentations, as well as who made the misrepresentations and to whom. *See, e.g., Currie v. Cayman Resources Corp.*, 595 F.Supp. 1364, 1371 (N.D.Ga.1984); *National Egg Co. v. Bank Leumi le-Israel B.M.*, 504 F.Supp. 305 (N.D.Ga.1984); 2A *Moore's Federal Practice* ¶ 9.03. Although it is true that specific allegations of time and place are not required by the rule, in the absence of these specifications, a plaintiff should "use alternative means of injecting precision and some measure of substantiation into [the] allegations of fraud." *Seville Industrial Machinery Corp. v. Southmost Machinery Corp.*, 742 F.2d 786, 791 (3rd Cir.1984).

Rule 9(b) cannot, however, be read in a vacuum. Rather, the rule should be harmonized with Rule 8(a), which simply requires that a pleading set forth a short and plain statement of the claim showing that the pleader is entitled to relief. *Friedlander v. Nims*, 755 F.2d 810, 813 n. 3 (11th Cir.1985). Thus, in considering a motion to dismiss for failure to plead fraud with particularity, a court must carefully consider whether the goals of Rule 9(b) will be advanced. Rule 9(b) is intended to prevent the filing of fraud claims in which the facts are learned through discovery after the filing of the complaint. *Id.* In addition, the rule seeks to protect potential defendants from incurring harm to their reputation and to provide them with sufficient notice so as to be able to prepare a defense to a charge of fraud. *Currie*, 595 F.Supp. at 1371 (quoting *Gross v. Diversified Mortgage Investors*, 431 F.Supp. 1080, 1087 (S.D.N.Y.1977)). These latter goals are even more significant in the context of a RICO claim in which the allegation of fraud then gives rise to a charge of "racketeering."

### A. *Enterprise*

Defendant Fitzgerald contends that plaintiffs have failed to sufficiently plead the existence of an "enterprise" under the RICO statute. To state a claim for a violation of 18 U.S.C. § 1962(c) a plaintiff must allege that (1) an enterprise existed that affected interstate commerce; (2) the defendants were associated with the enterprise; (3) the defendants participated in the conduct of the enterprise's affairs; and (4) the participation was through a pattern of racketeering activity. *R.A.G.S. Couture Inc. v. Hyatt*, 774 F.2d 1350 (5th Cir.1985). The term "enterprise" is defined broadly to include any "group of individuals associated in fact" although not a legal entity, or "any partnership, corporation, association or other legal entity." § 1961(4); *Id.; United States v. Turkette*, 452 U.S. 576, 101 S.Ct. 2524, 69 L.Ed.2d 246 (1981). The Supreme Court has indicated that the existence of an "enterprise" is a separate element from the "pattern of racketeering activity," which must be alleged and

proved by the plaintiff. *U.S. v. Turkette, supra,* at 583, 101 S.Ct. at 2528.[2]

■ Nowhere in the complaint in this case does the word "enterprise" appear. Plaintiffs merely allege that:

Defendants have, by virtue of their conduct, received income from a pattern of racketeering activity, as defined by 18 U.S.C. § 1961(1)(D) and (3).

¶ 37 of Plaintiffs' Amended Complaint, and

Defendants are therefore in violation of 18 U.S.C. § 1962 in the sale of the partnership interest to plaintiffs, and in their conduct towards plaintiffs after the sale of those securities.

¶ 38 of plaintiffs' amended complaint. These conclusory allegations wholly fail to allege the existence of an indispensable separate element of a civil RICO liability. For this reason, plaintiffs' amended complaint fails to state a civil RICO claim and must be dismissed.

### B. *Pattern of Racketeering Activity*

Defendant Fitzgerald also contends that plaintiffs have failed in their amended complaint to adequately allege sufficient predicate acts constituting a "pattern of racketeering activity" to satisfy the "continuity plus relationship" requirement reiterated by the Supreme Court in *Sedima S.P.R.L. v. Imrex Co., Inc.,* 473 U.S. 479, 496 n. 14, 105 S.Ct. 3275, 3285 n. 14, 87 L.Ed.2d 346. The definition of "pattern of racketeering activity" in § 1961 *"requires* at least two acts of racketeering activity." § 1961(5) *Id.* (emphasis in original). However, as the Supreme Court there pointed out, the commission of two predicate acts is an essential prerequisite, but does not conclusively establish the existence of a pattern. *Id.*[3] The Court indicated that the combination of continuity and relationship are needed to find a pattern. *Id.* (quoting S.Rep. No. 91–617, p. 158 (1969)).

■ Plaintiffs' allegations as to predicate acts are as follows:

In committing the unlawful conduct described above, defendants have used, or knowingly have caused the use of the mail and telephone lines on numerous occasions, and have thus engaged in interstate commerce.

Defendants have engaged in at least two other acts of fraud in the sale of securities since October 15, 1978. Specifically, defendant Fitzgerald was a defendant in an action for securities fi ıad (sic) brought by the Securities Exchange Commission in the United States District Court for the District of Columbia. Fitzgerald has since been held in contempt for violation of a consent judgment in that action. In April 1984 Fitzgerald was ordered to pay a fine in the approximate amount of $143,000.00 by the Hon. John Carrett Penn, United States District Judge, for violations of that Court's order and judgment. Since that time, Fitzgerald has failed to answer the Court's order to appear, and is now a fugitive from justice. In addition, it is understood that defendants have sold a security in the Bell limited partnership to another individual at a time when they knew the well forming the subject matter of that security interest was not producing.

Plaintiffs nowhere allege that the use of the "mail and telephone" lines constitute either federal mail or wire fraud. Plaintiff fails to state the particular means of the presumed mail or wire fraud. *See Gregoris Motors v. Nissasn Motor Corp. in USA,* 630 F.Supp. 902 (E.D.N.Y.1986) *cited in Antilles Trading Co. v. Scientific Atlanta, Inc.,* —— F.Supp. ——, No. C86–0011A, slip. op. at 5 (N.D.Ga. June 30, 1986) (Freeman, J.). The contempt before a district court cited by plaintiffs does not constitute a predicate act under the statute.

---

**2.** Indeed, the Eleventh Circuit has found that in the criminal RICO context that "[t]he gravamen of a RICO offense is *conducting an enterprise* through a pattern of racketeering activity." *United States v. Zielie,* 734 F.2d 1447, 1463 (11th Cir.1984) *cert. denied* 469 U.S. 1189, 105 S.Ct. 957, 83 L.Ed.2d 964 (1985) (emphasis added).

**3.** "The implication is that while two acts are necessary, they may not be sufficient. Indeed, in common parlance two of anything do not generally form a 'pattern'." *Id.*

Plaintiffs do allege that defendant Fitzgerald was a defendant in an SEC action for securities fraud.[4] Plaintiffs also allege that defendants sold a security to an unspecified individual at a time defendants knew the well which was the subject matter of that investment, was not producing. Plaintiffs make no specific mention of the DPC venture in their RICO claim. The Complaint merely refers to the unlawful conduct "described above" Complaint, ¶ 35. *See Gregoris Motors, supra* at 913 (Even reallegation of earlier paragraphs is insufficient. "RICO is a specialized statute requiring a particular configuration of elements. These elements cannot be incorporated loosely from a previous narration, but must be tightly particularized and connected in a complaint.") *See also, Bennett v. Berg,* 685 F.2d 1053, 1062 (8th Cir.1982) *cert. denied,* 464 U.S. 1008, 104 S.Ct. 527, 78 L.Ed.2d 710 (1983). Under the rule of *Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), that a court should grant a Rule 12(b)(6) motion "only when plaintiff can prove no set of facts entitling him to relief," these allegations by plaintiff are barely sufficient to allege the two required predicate acts.

The question then becomes whether these two acts satisfy the "continuity plus" requirement approved in *Sedima supra.*[5] The Eleventh Circuit has expressly adopted the "threat of continuing activity" as a prerequisite to finding a pattern of activity. *Bank of America National Trust & Savings Association v. Touche Ross & Co.,* 782 F.2d 966 (11th Cir.1986); *see also Rojas v. First National Association,* 613 F.Supp. 968, 971 n. 1 (E.D.N.Y.1985) (for a similar formulation.) The Eleventh Circuit in that case noted that "criminal conduct forms a pattern if it embraces criminal acts that have the same or similar purposes, results, participants, victims or methods of commission, or otherwise are interrelated by distinguishing characteristics and are not isolated events." *Id.* (quoting *Sedima supra,* n. 14) The court determined the threat of continuing activity on the basis of the relationship between the parties, the time frame of the predicate acts, and the number of predicate acts 782 F.2d at 971. The touchstone then in the Eleventh Circuit under *Touche Ross* is that "continuity requires both temporal separation and relatedness." *Sheftelman supra* at 268.

In this case, plaintiffs have specified insufficient facts regarding the use of the mails and telephones for the court, and defendant Fitzgerald, to have any notion of how these acts supposedly fit into the alleged pattern. Plaintiffs general allegation that defendant Fitzgerald was a defendant in an action brought by the SEC and was found in contempt in that proceeding does not specify what relation or bearing, if any, such a fact would have on establishing a pattern of activity like that alleged in plaintiffs' amended complaint.[6] The court finds no allegations regarding this SEC suit that could be construed in such a way as to find that the action by the SEC was anything

---

**4.** In fact, perusal of the complaint in that case indicates that the SEC brought the action for failure to comply with certain filing requirements under section 13(a) of the Securities Exchange Act of 1934; 15 U.S.C. 78m(a) and rules promulgated thereunder, not for securities fraud. The action was brought pursuant to sections 21(d) and (e) of the Exchange Act. However, the court may not consider this evidence in disposition of an unconverted Rule 12(b)(6) or Rule 12(c) motion.

**5.** After *Sedima,* courts have taken essentially two approaches to the "continuity plus" requirement. The first, might generally be called the "single/multiple episode" test in which some courts have ruled that a single fraudulent scheme lacks the requisite continuity to constitute a pattern. *See discussion Sheftelman v. Jones,* 636 F.Supp. 263, 267 (N.D.Ga.1986) (Free-

man, J.). *See Superior Oil Co. v. Fulmer* 785 F.2d 252 (8th Cir.1986) (one isolated fraudulent scheme insufficient to establish a pattern); *see also Fleet Management Systems, Inc. v. Archer-Daniels-Midland Co.,* 627 F.Supp. 550 (C.D.Ill. 1986) (single scheme to illegally market plaintiff's computer insufficient to state a pattern) *Northern Trust Bank/O'Hare, N.A. v. Inryco, Inc.,* 615 F.Supp. 828, 831–33 (N.D.Ill.1985) (two acts of mail fraud in conjunction with single kickbook scheme does not constitute a pattern of racketeering activity.) The Eleventh Circuit has not expressly adopted this reasoning.

**6.** The court also notes that without allegations of an "enterprise," the court and defendants are left to guess what the nexus of these acts to the pattern of activity required might be. *See discussion supra.*

but an isolated incident, and not part of the pattern here. Lastly, although charitably read, the allegation that defendants sold a security in the Bell partnership to an unspecified "individual" at a time when they knew the well in that transaction was not producing oil and gas does specify a predicate act in continuance of the scheme alleged in this case. However, one predicate act cannot form "a pattern." [7]

■ Thus, the court finds that the predicate acts alleged by plaintiffs are so vaguely and ambiguously recited as to fail to demonstrate even a factual relationship to one another, much less a threat of continuing activity. The court, therefore, finds that plaintiff has failed to satisfy the pattern of activity element by failing to allege facts sufficient to fulfill the "continuity plus relationship" requirement between the predicate acts pleaded in the complaint. For this reason, as well as plaintiffs' failure to properly plead the "enterprise" element of civil RICO liability, plaintiffs' RICO claims must be dismissed.

## II. GEORGIA RICO

■ Plaintiffs state RICO claim brought pursuant to Ga. Off'l Code Ann. § 16–14–1 *et seq.*, rests *in toto* on the same allegations as its federal RICO claim. In *Stanton v. Shearson Lehman/American Express, Inc.*, 622 F.Supp. 293, 294 (N.D. Ga. 1985) (Hall, J.) this court recognized that the Georgia RICO act was enacted after the federal RICO statute and contains substantially the same language. Therefore, plaintiffs' Georgia RICO claim fails for the same reasons as its federal counterpart. Additionally, mail and wire fraud are not

7. As the court noted previously, no allegations regarding the DPC venture appear in plaintiffs' allegations pertaining to their RICO claims, so the court and defendants are left to guess as to how these allegations relate to plaintiffs' RICO claims. *Gregoris Motors, supra.*

8. Violations of the "Georgia Securities Act of 1973," Ga. Off'l Code Ann. § 10–5–24 are considered predicate acts under the Georgia RICO statute.

9. In *Stanton v. Shearson Lehman/American Express, supra,* the court held that because the Georgia RICO Act was enacted after the federal

enumerated as "predicate acts" under the definitions section of the Georgia RICO statute,[8] *see* Ga. Off'l Code Ann. § 16–14–3(3)(A), which strengthens the conclusion that plaintiff has alleged insufficient predicate acts to satisfy the "continuity plus relationship" required to make out the "pattern of racketeering activity" element of a RICO violation.[9]

Thus, plaintiffs' Georgia RICO claim should be dismissed for failure to state a claim.[10]

## III. FEDERAL AND GEORGIA SECURITIES LAWS

The court finds plaintiffs' allegations under the federal and Georgia securities laws are sufficient to state a claim under these statutes. Therefore, defendant Fitzgerald's motion for judgment on the pleadings should be denied in this regard.

## IV. FRAUD CLAIMS; RULE 9(b) PLEADING WITH PARTICULARITY

Defendant Fitzgerald moves to dismiss plaintiffs' claims which can be collectively called "fraud" claims pursuant to Rule 9(b) and Rule 12 for failure to plead the allegations of fraud with the requisite particularity. With the exception of plaintiffs' federal and Georgia RICO claims already discussed in sections One and Two of this order, the court finds the averments contained in the complaint are made with sufficient specificity to comply with the requirements of Rule 9(b), Fed.R.Civ.P.

RICO Act and contains substantially the same language as the federal act, Georgia courts would follow federal court decision interpreting the federal RICO Act.

10. The court, as it should in any case, will of course consider a motion for sanctions under Rule 11, if it can be shown that at the time of the filing of the amended complaint the attorneys for the plaintiff who signed the complaint did not have good grounds to believe that the relief requested was warranted under the facts as then known to counsel. Fed.R.Civ.P. 11; *see also* Code of Professional Responsibility. DR 7–102(A)(1), (2) (1979).

## V. PENDANT STATE CLAIMS

Because federal statutory claims remain for resolution in this case, federal jurisdiction exists and plaintiffs' remaining pendant state claims should not be dismissed.

Were this case in its initial stages this court would consider giving plaintiffs ten days to amend their complaint to correct the defects in their RICO claims. Where, however, plaintiffs have twice amended their complaint and discovery in this matter after being extended numerous times ended on October 8, 1986, the court finds no reason to compound the delay in this case and prejudice defendant by allowing plaintiffs to amend at this late date when they have heretofore had more than ample opportunity to correct any defects in their pleading.

Leave to amend is "to be freely given *when justice so requires.*" Rule 15, Fed. R.Civ.P. However, where the existence of "undue delay, bad faith or dilatory motive ..., repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment" are present, leave to amend should be denied. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).

■ Here, plaintiffs have had ample time, since the complaint in this action was filed February 1, 1985, and twice amended, to cure any deficiencies in their pleadings. In their brief in response, plaintiffs state that since the time of their original complaint "plaintiffs have discovered other predicate acts to support these RICO claims, and to satisfy the later established 'continuity plus' factor announced in *Sedima, S.P.R.L. v. Imrex Co., Inc.*", Plaintiffs' Response at 3. The court notes that the addition of new predicate acts to the RICO claim (and possibly the addition of new contentions regarding the existence of an "enterprise" under RICO) would necessitate the reopening of discovery to allow thorough exploration of these new allegations. The result is unnecessary delay.

Changing the elements of plaintiffs' RICO claims would prejudice defendant Fitzgerald in a case where, aside from the current motion, matters involving him are substantially ready for trial.

Most importantly, plaintiffs admit that they have discovered additional facts they contend could cure the deficiencies of their pleading, but chose instead to withhold these facts by failing to amend the complaint at that time. This behavior can only be seen as evidence of dilatory motive by plaintiff to delay unnecessarily the ultimate disposition of this case. Therefore, the court feels allowing amendment to correct the deficiencies in plaintiffs' complaint at this late date would be improper here. *Hall v. Aetna Cas. and Sur. Co.*, 617 F.2d 1108, 1111 (5th Cir.1980); *Ross v. Houston Independent School District*, 699 F.2d 218, 228 (5th Cir.1983).

CONCLUSIONS

In sum, the court

(1) DENIES defendant Fitzgerald's motion to strike;

(2) GRANTS defendant Fitzgerald's motion for judgment on the pleadings with respect to plaintiffs' federal RICO claims and DISMISSES those claims for failure to state a claim;

(3) GRANTS defendant Fitzgerald's motion for judgment on the pleadings with respect to plaintiffs' Georgia RICO claims and DISMISSES these claims for failure to state a claim;

(4) DENIES defendant Fitzgerald's motion for judgment on the pleadings with respect to plaintiffs' federal and Georgia securities claims;

(5) DENIES defendant Fitzgerald's motion for judgment on the pleadings with respect to defendants' assertion that plaintiffs have failed to plead their fraud claims with the requisite particularity; and

(6) DENIES defendant Fitzgerald's motion to dismiss plaintiffs' pendant state claims not otherwise affected by this order.